**Stevie Glen JIMERSON,
Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 21906.**

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 18, 1998.

S. Dean Price, Springfield, for Movant–Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Kenneth P. Ferguson, Asst. Atty. Gen., Jefferson City, for Respondent.

PREWITT, Presiding Judge.

Movant entered pleas of guilty to four criminal charges, two for murder in the second degree, and two for armed-criminal action. Following sentencing, he filed a motion to vacate the convictions and sentences, pursuant to Rule 24.035. After an evidentiary hearing, the trial court made findings of fact, conclusions of law, and denied the motion in all respects.

On appeal, Movant contends the trial court erred in denying his motion, "because trial counsel was ineffective in that trial counsel admitted by motion under oath that he was not prepared for trial thereby prejudicing the Appellant and rendering his subsequent plea involuntary." He also asserted that his pleas were not knowing and voluntary under the circumstances presented.

Review of the trial court's action on a Rule 24.035 motion is "limited to a determination of whether the findings are clearly erroneous." Rule 24.035(k). "The court's findings, conclusions and order are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake was made." *Ennis v. State*, 887 S.W.2d 771, 772 (Mo.App.1994). A party claiming ineffective assistance of counsel must prove by a preponderance of the evidence that the attorney's performance was deficient and that this deficient performance prejudiced him. *State v. Middleton*, 854 S.W.2d 504, 517 (Mo.App. 1993).

Based upon our limited review, we cannot say that the trial court erred. Movant's attorney in the criminal matters testified that he was prepared and the motion for continuance was filed only because it was "good lawyering." The attorney said he did so because "once in a great while cases are reversed on appeal" on the grounds that a continuance should have been granted. The trial court concluded that Appellant's trial counsel was prepared to go to trial and that the pleas were voluntary and intelligently made.

The judgment denying the motion is affirmed.

CROW and PARRISH, JJ., concur.