**Larry HOSKIN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 63303.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 28, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 27, 1993.

Dave Hemingway, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., David B. Cosgrove, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Movant was indicted in May, 1991 for rape and armed criminal action. [Trial court Cause No. 91–CR–4838]. He was charged by a March, 1992 information in lieu of indictment as a prior offender with kidnapping, rape, attempted sodomy, sexual abuse first degree, stealing a motor vehicle and three counts of armed criminal action associated with the kidnapping, rape, and sexual abuse first degree counts. [Trial court Cause No. 92CR–543]. The pleas for both causes were taken in one proceeding. Pursuant to a plea agreement the state recommended concurrent terms of twenty-five years on seven of the charges, fifteen years on one charge and seven years on two charges. Movant raises two points on appeal. The first complains of ineffective assistance of counsel for failure to investigate alleged alibi witnesses. The second complains the plea court failed to establish a factual basis for the crimes charged at the plea hearing.[1]

Before accepting the plea of guilty on the charges, the plea court read them in substantially the same language as contained on the information. The court then asked the defendant, "did you do the things that I have read that it says you did in these charges?" Movant answered in the affirmative. The court then asked, "Is there anything I have just read that it says you did in these charges that you did not in fact do?" Movant's answer was "No, Your Honor."

The court did not request an explanation of the evidence that would be available to prove each charge. The defendant was not asked to explain any of his acts that precipitated the charges. Movant acknowledged he was satisfied with the services rendered to him by his attorney. Counsel for defendant affirmed there were no facts or circumstances not in the record that would bear on movant's ability to know and appreciate the nature of the proceedings or his ability to formulate the necessary intent to enter a free and voluntary plea of guilty.

■ Movant's first claim of error relates to counsel's failure to investigate alibi witnesses. We are unable to determine from the legal file or the briefs filed whether movant contends there were alibi witnesses

---

1. A previous order opinion and memorandum in support of the opinion is withdrawn because of a meritorious point raised in post opinion motion.

for one or both of the two dates on which the charged crimes were committed. It is not clear which events were the subject of the proposed alibi. The pleading is insufficient for the further reason that movant does not allege he ever informed trial counsel of the existence of any witnesses or that they were prepared to give testimony that would represent an alibi defense to one or both of the events charged. Even if the pleading implies such communication, movant's testimony refutes the implication and the allegation. Movant informed the plea court his counsel did not fail to do anything that movant thought counsel should have done and that he was satisfied with the services that were rendered. In context with the claim of available witnesses to present an alibi defense, movant's acknowledgment of satisfaction with his attorney is more than a general, unreliable expression of satisfaction. If movant had an alibi to either of the sets of charges and had furnished the names and addresses of alibi witnesses, then the failure of counsel to pursue such a defense should provoke an affirmative answer to either or both of the court's questions regarding satisfaction with performance and absence of non-performance.

The issue raised in the second amended motion asserts the guilty pleas must be set aside because the court failed to establish a factual basis for each charge. The argument is that a mere reading of the indictment and amended information in the two cases did not identify the conduct upon which the state would rely to prove its charges. Obviously, the mere reading of the charges has created problems that should be avoided.

■ No evidentiary hearing is automatically necessary to determine whether the record contains a factual basis for each guilty plea as required by Rule 24.02(e). This is a matter to be resolved by a study of the plea hearing. A plea court is obligated to determine facts which defendant admits by his plea and that those facts would result in defendant being guilty of the offense charged. *Morris v. State*, 482 S.W.2d 459, 460 (Mo.1972). We have held that a guilty plea cannot be accepted unless a factual basis for the plea is established and the court at a

guilty plea proceeding should reject the plea if the record facts do not establish the commission of a crime. *Jones v. State*, 758 S.W.2d 153, 154 (Mo.App.1988). Rule 24.-02(e) mandates establishing a factual basis before accepting a plea.

■ The allegations contained in the kidnapping, rape, and stealing a motor vehicle counts were simple, specific and sufficient to inform the defendant in terms that a layman would understand what acts he was charged with committing, and the commission of which constituted the crimes charged. Accordingly, these charges and the sentences of twenty-five years for rape in Cause No. 91CR–4338, fifteen years for kidnapping, twenty-five years for rape, and seven years for stealing a motor vehicle in Cause No. 92CR–543 are unaffected by a claim that the record contains no factual basis to support the pleas. Likewise, the armed criminal action charges, alleging the commission of kidnapping and rape "with and through the use, assistance and aid of a dangerous instrument or deadly weapon" in both cases are unaffected.

■ However, three counts in Cause No. 92CR–543 are subject to the defect argued by defendant. Count V alleged the crime of attempted sodomy. All that was before the court was its reading of the charge defendant "attempted to have deviate sexual intercourse with D.G." to whom he was not married, without consent, and by use of forcible compulsion. The requirements of Rule 24.-02(e) were not met in the absence of any description of the nature of the defendant's acts which would constitute commission of attempted sodomy. On a blank record, the term deviate sexual intercourse is an unknown. The conviction based on the guilty plea on Count V must be set aside for failure to comply with Rule 24.02(e). *Jones v. State*, 758 S.W.2d 153, 155 (Mo.App.1988). The plea court was not authorized to accept a guilty plea on this count. Hence, the conviction based on the plea violates the law expressed in Rule 24.035(a) and must be set aside.

■ Count VI alleged the crime of sexual abuse in the first degree. This count

charged acts on the same day as the kidnapping by which defendant "subjected D.G., to whom [he] was not married, to sexual contact without her consent by the use of forcible compulsion, and in the course thereof displayed a deadly weapon in a threatening manner." The nature of the sexual contact referred to in the charge was never factually developed during the plea proceedings. The absence of the factual basis requires us to set aside the guilty plea on Count VI.

Count VII alleges armed criminal action in connection with sexual abuse in the first degree. Incorporation of the charges constituting sexual abuse first degree infects this charge so that it also suffers from the absence of a factual basis in the plea proceeding. It cannot be determined that the plea court satisfied the requirement of a factual basis before accepting the guilty plea. The guilty plea on Count VII is set aside.

Count VIII alleged the crime of stealing a motor vehicle. By reading the charge the court informed the defendant that on the same day and time of the kidnapping he "appropriated a 1990 GMC passenger van, which said property was possessed by D.G. and [he] appropriated such property without the consent of D.G. and with the purpose to deprive her thereof." These allegations and the acknowledgment by defendant that he committed the charged acts constituted a sufficient factual basis in the record to accept the guilty plea. The judgment on Count VIII is affirmed.

The denial of post conviction relief from guilty pleas on Count I and II in Cause No. 91CR–4838 is affirmed. The denial of relief from guilty pleas in Cause No. 92CR–543 for Counts I and II, kidnapping and an associated armed criminal action, Counts III and IV, rape and an associated armed criminal action, and Count VIII, stealing a motor vehicle, is affirmed. The denial of relief on Count V, attempted sodomy, and Counts VI and VII, sexual abuse first degree and associated armed criminal action in Cause No. 92CR–543, was erroneous as a matter of law. We set aside convictions based on the guilty pleas on these counts only and remand them to the trial court in order that a factual basis may be established before accepting the

pleas tendered pursuant to the plea agreement.

CRANE, P.J. and CRAHAN, J., concur.