Alvin O. ENNIS, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 19390.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 28, 1994.

Barbara Hoppe, Office of the State Public Defender, Columbia, for movant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Christine M. Kocot, Asst. Atty. Gen., Jefferson City, for respondent.

GARRISON, Presiding Judge.

Alvin Ennis (Movant) was sentenced to two concurrent ten-year terms after pleading guilty to two counts of sodomy, § 566.060.[1] Thereafter he filed a timely motion to set aside the judgment and sentence pursuant to Rule 24.035[2] in which he alleged, among other things, that the trial court had violated Rule 24.02(e) by not determining that a factual basis existed for the guilty pleas. The motion was denied after Movant, by appointed counsel, requested that the court "take judicial notice of the files in this matter and rule movant's motion based upon the record."

Movant's sole point on this appeal is that the motion court clearly erred in finding that a factual basis existed for his guilty pleas. He argues that the only factual basis for the charges which was identified by the trial court at the time of the guilty pleas was Movant's admission that he had sexual intercourse with his two granddaughters. He contends that such an admission was insufficient to support a conviction of sodomy under § 566.060 because there was no factual showing of the required element of "deviate sexual intercourse."

Movant was charged, by an Amended Information, with having "deviate sexual intercourse" with each of his two granddaughters to whom he was not married and who were each then less than fourteen years old. In a document entitled "Guilty Plea" (hereafter referred to as Exhibit A) signed by Movant and received by the trial court at the time of the plea, Movant said that he understood that he was charged with "sodomy" for which the penalty was "5 to 15 years"; that he had a preliminary hearing at which he was represented by an attorney; that he had consulted about the case with his attorney who had "explained the offense charged in the Information and the punishment that can be assessed"; that he was satisfied that his attorney had properly represented and advised him; and that he was pleading guilty of his own free will because he was guilty as charged in the Information. Exhibit A also required Movant to state what he did to cause the charge to be filed, to which he responded: "I had sexual intercourse with [his two granddaughters]."

At the time of his guilty plea, Movant waived formal arraignment and entered a plea of guilty. He told the court that there had been ample time for him to discuss the case with his attorney and that he was pleading guilty voluntarily because he was guilty. He also told the court that he understood each question contained in Exhibit A and that his answers to those questions were true and correct. He answered, "yes, sir," when the trial court asked him, "did you, as charged have sexual intercourse with … a person less than fourteen years of age and to whom you were not married?" The record before us does not indicate that any other information was established at the plea hearing concerning the factual basis for the two charges.

In reviewing the court's action concerning a motion under Rule 24.035, the appellate court is limited to a determination of whether the findings and conclusions of the trial court were clearly erroneous. Rule 24.035(j); *Trehan v. State*, 872 S.W.2d 156, 158 (Mo.App.S.D.1994). The court's findings, conclusions and order are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake was made. *Id.*

Rule 24.02(e) provides, "[t]he court shall not enter a judgment upon a plea of guilty unless it determines that there is a

**1.** All references to statutes are to RSMo 1986, V.A.M.S.

**2.** All references to rules are to Missouri Rules of Court, V.A.M.R.

factual basis for the plea." If the facts do not establish an offense, the court must reject the guilty plea. *Green v. State,* 829 S.W.2d 629, 630 (Mo.App.W.D.1992); *Milligan v. State,* 772 S.W.2d 736, 738 (Mo.App. W.D.1989). The factual basis required by Rule 24.02(e) need not be established, however, by the accused's testimony at the guilty plea hearing. *Pelton v. State,* 831 S.W.2d 651, 653–54 (Mo.App.W.D.1992). It can be established if the defendant understands the facts outlined by the judge or prosecutor. *Milligan v. State,* 772 S.W.2d at 738.

Movant relies heavily on *Hoskin v. State,* 863 S.W.2d 637 (Mo.App.E.D.1993). In that case the movant pleaded guilty to attempted sodomy but sought to have the conviction set aside because the plea court allegedly failed to establish a factual basis for the crimes charged at the plea hearing. Before the plea was taken, the court read the charges in substantially the same language as contained in the Information and asked movant if he did the things the charges said he did, to which it received an affirmative response. The movant also acknowledged that he was satisfied with his attorney's services. There was no recitation, however, of the evidence that would be available to prove the charges. In holding that the guilty plea must be set aside, the appellate court said:

> Count V alleged the crime of attempted sodomy. All that was before the court was its reading of the charge defendant "attempted to have deviate sexual intercourse with D.G." to whom he was not married, without consent, and by use of forcible compulsion. The requirements of Rule 24.02(e) were not met in the absence of any description of the nature of the defendant's acts which would constitute commission of attempted sodomy. On a blank record, the term deviate sexual intercourse is an unknown. The conviction based on the guilty plea on Count V must be set aside for failure to comply with Rule 24.02(e). *Jones v. State,* 758 S.W.2d 153, 155 (Mo. App.1988). The plea court was not authorized to accept a guilty plea on this count. Hence, the conviction based on the plea

violates the law expressed in Rule 24.035(a) and must be set aside.

*Id.* at 639.

In *Jones v. State,* 758 S.W.2d 153 (Mo.App. E.D.1988), the movant pleaded guilty to second degree robbery. The appellate court held that Rule 24.02(e) had been violated because the record of the guilty plea proceeding was devoid of any recitation of facts establishing conduct which would constitute the offense charged. The court noted that reading of the Amended Information had been waived and then said:

> And, while the court did determine that Jones knew that the charge was second degree robbery, there was absolutely no mention of what allegedly occurred; the record does not establish Jones was cognizant of the facts which the State would rely upon at a trial in order to establish Jones' guilt. The court's sole reference to the incident in question was Judge Robert L. Campbell's statement that Jones' codefendant had previously pled guilty and that the codefendant, and not Jones, had the gun. These facts established no factual basis for court to accept the guilty plea. A court should reject a guilty plea if the facts elicited at the guilty plea proceeding do not establish the commission of a crime. [Citation omitted.] Thus, this court is constrained to hold that the motion court clearly erred in finding that the record of the guilty plea proceeding established a sufficient factual basis for Jones' plea of guilty.

*Id.* at 155.

The State attempts to distinguish the *Hoskin* case by relying on *McDonald v. State,* 734 S.W.2d 596 (Mo.App.S.D.1987), in which this court held that Rule 24.02(e) was complied with at the guilty plea proceeding where the movant pled to assault and sodomy charges. There it was noted that the plea transcript established that the movant was represented by counsel; that he pled guilty to the charges "as set out in the Information and told the court he understood the charges"; that he admitted that he had a preliminary hearing at which evidence was presented; and that a pre-sentence report

had been filed and considered prior to sentencing. *Id.* at 600.

The State also relies on *Sales v. State,* 700 S.W.2d 131 (Mo.App.S.D.1985). In that case, the defendant pleaded guilty to burglary in the second degree and felonious stealing but later claimed that the trial court violated Rule 24.02(e). This court denied relief, noting that the trial court had expressly established that defendant had discussed the charges with his attorney; had been advised what the charges were and of the possibilities that could result from them; understood what the charges were; and that there was nothing about the case which he did not understand. This court stated that it was particularly significant that defendant's plea was part of a plea bargain and thus was a tactical decision.

In subsequent cases this court has denied postconviction relief based on alleged Rule 24.02(e) violations where, as in *Sales,* it was expressly established that the defendant understood the charges, that he had discussed them with his attorney, and that he understood the facts of the case. *See Morgan v. State,* 852 S.W.2d 374, 375 (Mo.App.S.D. 1993). In *Trehan v. State,* 872 S.W.2d at 160, we denied such a claim noting that, among other things, the Information had been read to the defendant and he specifically acknowledged understanding what he was charged with.

Two other cases decided by this court, coupled with the *Jones* and *Hoskin* cases, make it apparent, however, that we must grant relief in the instant case. In *Hutson v. State,* 878 S.W.2d 497, 498 (Mo.App.S.D. 1994), we affirmed a denial of a Rule 24.035 motion in a case where the prosecutor had, at the guilty plea proceeding, "clearly stated facts relating to the offense of Burglary in the Second Degree, eliminating the requirement under Burglary First of a person being present in the inhabitable structure being burglarized, the very factor distinguishing Burglary First from Burglary Second." In *Rios v. State,* 848 S.W.2d 638, 640 (Mo.App. S.D.1993), we also denied relief where the charges of possession and transportation of marihuana were read to the defendant at the time of the plea and he assured the trial

court that his guilty plea was being made because he was guilty. In its findings, the trial court cited *Row v. State,* 680 S.W.2d 418 (Mo.App.S.D.1984), in holding that a factual basis for the plea was established "where the Information clearly charges defendant with all elements of the crime, the nature of the charge was explained [to] defendant, and the defendant admits guilt." *Id.* at 640. In *Rios,* this court found a factual basis was established by a reading of the Information, with all of the elements of the crime charged, coupled with an explanation of the nature of the charge. *Id.*

■ In the instant case, however, the Amended Information, the reading of which was waived, charged that defendant had "deviate sexual intercourse" with each of his two granddaughters to whom he was not married and each of whom was under fourteen years of age. As noted in *Hoskin v. State,* 863 S.W.2d at 639, the requirements of Rule 24.02(e) are not met in the absence of a description of the nature of defendant's acts which would constitute sodomy because the term deviate sexual intercourse is an unknown. The only recital or showing of facts supporting the charges in the instant case consisted of the trial court's question to him at the time of the plea about whether he, "as charged," had "sexual intercourse" with each of the girls who were under fourteen and to whom he was not married, and Movant's statement in Exhibit A that he had "sexual intercourse" with the two girls.

"Sexual intercourse" is defined as "any penetration, however slight, of the female sex organ by the male sex organ, whether or not an emission results." § 566.010(3). This is distinguished from the definition of "deviate sexual intercourse" contained in § 566.010(1) which is "any sexual act involving the genitals of one person and the mouth, tongue, hand or anus of another person." "Sexual intercourse" would form the basis for a conviction of rape pursuant to § 566.030 but not the offense of sodomy under § 566.060.

It is true that in the instant case Movant acknowledged that he had a preliminary hearing, that he had consulted with his attorney who had explained the offense charged in the Information, and he made statements

which would have otherwise been sufficient to bring this case within the holding of our earlier opinions in *Sales, McDonald, Morgan* and *Trehan.* However, Movant's own statement was that the factual basis for the charge was "sexual intercourse." This was not questioned at the plea proceedings, and in fact the trial court in effect told Movant that he was charged with having "sexual intercourse" with his granddaughters. In our opinion, this distinguishes the instant case from our earlier opinions referred to above.

In the instant case, unlike *Rios,* there was no explanation of the correct nature of the charge coupled with a reading of the Information. The instant case is also distinguished from *Row, Hutson* and *Pippenger v. State,* 794 S.W.2d 717, 721 (Mo.App.S.D. 1990), because there was no explanation on the record at the guilty plea proceeding of the elements of the offense charged, which in this case was sodomy. We also note that the Information did not identify the acts being charged as constituting "deviate sexual intercourse," a term whose meaning is not readily apparent in the absence of the statutory definition. *See Hoskin v. State,* 863 S.W.2d at 639.

It has been held that Rule 24.02(e) is an aid to the constitutionally required determination that a defendant enter a plea of guilty intelligently and voluntarily. *Sales v. State,* 700 S.W.2d at 133. A guilty plea is not involuntary so long as the plea represents a voluntary choice of alternatives available to movant at the time, according to his own best interests. *Pippenger v. State,* 794 S.W.2d at 721. In the instant case, Movant's statement of his understanding of the factual basis for the charges and the trial court's own statements on that same subject would have been, if true, insufficient to support a conviction of the offenses charged. We have concluded, therefore, that we are constrained to hold that the requirements of Rule 24.02(e) were not met and that the motion court's denial of the Rule 24.035 motion was clearly erroneous. Accordingly, we reverse the motion court's finding, set aside Movant's conviction

and sentences, and remand this case to the trial court for further proceedings.

PARRISH and CROW, JJ., concur.