Sylvester SAFFOLD, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 55037.

Missouri Court of Appeals, Western District.

Submitted Aug. 14, 1998.

Decided Dec. 8, 1998.

Irene Karns, Public Defender, Columbia, MO, for appellant.

John M. Morris, Atty. Gen., Jefferson City, MO, for respondent.

1. The victim's date of birth is August 10, 1987. The date of the offense in the amended informa-

Before SMART, P.J., and ELLIS and HOWARD, JJ.

SMART, Judge.

Sylvester Saffold was indicted by the grand jury on charges of rape and sodomy. The victim was his girlfriend's daughter, who was under fourteen years old at the time. Saffold pleaded guilty to the charge of sodomy, § 566.060.2, RSMo 1986, and was sentenced to a term of five years imprisonment with execution of sentence suspended, and with three years of supervised probation. Saffold's probation was revoked after a hearing on October 3, 1996. He appeals the denial of his motion to vacate sentence and judgment under Rule 24.035. Saffold claims that his decision to enter a plea of guilty was not voluntary, knowing and intelligent because he did not understand the nature of the offense to which he was pleading guilty. He claims that the plea court accepted his plea without establishing a factual basis as required by due process and Rule 24.02. Saffold also contends that it was error for the motion court to deny his motion for post-conviction relief because his right to effective assistance of counsel, as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, § 18 of the Missouri Constitution, had been violated in that counsel failed to advise Saffold that the incident upon which the charge was based did not constitute the offense of sodomy. Because a sufficient factual basis for the plea was not established by the plea court, Saffold's conviction must be reversed and the cause remanded with directions that Saffold be allowed to withdraw his plea of guilty.

Facts

On July 12, 1994, Sylvester Saffold was arrested on a narcotics charge. During a check on Saffold's identity, the police learned that a pick-up order for rape had been issued by the Sex Crimes Unit. The alleged victim of the rape was Saffold's girlfriend's daughter, who was under fourteen years of age at the time of the incident forming the basis for the charge.[1] Saffold waived his Miranda[2]

tion is described as "between January 1990 and

rights and gave a statement in which he initially denied any sexual contact with the victim. At a later point during the interrogation, Saffold stated that the victim had been in bed with him and her mother, sleeping between them. Saffold woke to find the victim sucking on his penis. He told her to stop, he said, and asked why she would do such a thing. Saffold stated that the victim told him that she wanted to do everything that she saw her mother do.

Saffold was indicted by the grand jury on charges of rape and sodomy. He was then charged by information with one count of sodomy, "in that between January 1990 and January 1991, in the County of Jackson, State of Missouri, the defendant had deviate sexual intercourse with [victim] (dob 08/10/87), to whom defendant was not married and who was then less than fourteen years old." Saffold entered into a plea bargain with the State. In return for Saffold pleading guilty on the sodomy charge, the State dropped the rape charge and recommended a five-year sentence, execution suspended, with three years probation. Saffold was required to undergo sex offender treatment and have no contact with the victim.

Saffold testified as to his understanding of the plea agreement. He was questioned about the basis for the plea at several times during the plea hearing:

Q. [by defense counsel] Are you representing to the Court, Mr. Saffold, that between the months or between the time of October or January 1, 1990 and January of 1991, in Kansas City, Jackson County, Missouri, [Victim] placed her mouth on your penis?

A. Yes, ma'am.

Q. At that time was she under 14 years of age?

A. Yes, ma'am.

\* \* \* \*

Q. [by the Court] Now, sir, have you read the charge?

A. Yes, sir.

Q. You understand that you're charged between the dates stated that you had deviate sexual intercourse with [Victim]?

A. Yes, sir.

Q. Is that a true statement, sir?

A. Yes, sir.

Q. Were you married to [Victim]?

A. Yes, sir?

Q. Was—

A. No, sir.

Q. Was she then less than 14 years of age?

A. Yes, sir.

Q. I read the probable cause statement that the police brought over at the time of your arrest. Did you participate in this act knowingly?

A. No, sir.

Q. If you want you can go to trial, the State would have the obligation of proving all the elements of the offense and in the event there was one or more elements of the offense that the State did not prove, instructions would lead the jury to find you not guilty. Now in entering this plea, do you admit that, your criminal responsibility in this act, sir?

A. Yes, sir.

Q. Is there any circumstance or fact about that that [sic] you believe—let me start that question again. Is there any fact or incidents about the crime that you're charged with that you believe should absolve you or free you of any criminal responsibility in this case?

A. No, sir.

Q. Are you pleading guilty because you are, in fact, guilty?

A. Yes, sir.

The court found that Saffold's plea was made freely and voluntarily. It also found that Saffold was guilty beyond a reasonable doubt of the crime charged. After the court accepted Saffold's plea, it sentenced him to five years imprisonment. It then suspended execution of the sentence and placed him on probation for three years. As a condition of

---

January 1991." This would make the victim two or three years old at the time of the incident.

2. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

his probation, Saffold was to have no contact with the victim or her family. He was also to undergo sex offender counseling.

Saffold subsequently violated his probation. At the violation hearing the court found that Saffold had used marijuana and cocaine. He also failed to report to his probation officer and failed to successfully complete sex offender counseling. The court ordered that Saffold's sentence be executed.

On November 27, 1996, Saffold filed a *pro se* Rule 24.035 motion for post-conviction relief. An amended motion was filed by counsel on February 7, 1997. After an evidentiary hearing, held July 17, 1997, the court denied Saffold's motion. In its findings of fact and conclusions of law, the motion court found, *inter alia*, that Saffold's allegation that his plea was accepted by the court without a determination of whether a factual basis for the plea existed, was not supported by the transcript of the plea and sentencing hearing nor by the evidence adduced at the Rule 24.035 hearing. The court also found that Saffold had not been denied effective assistance of counsel.

Saffold appeals.

## Standard of Review

Rule 24.035(k) restricts appellate review to a determination of whether the findings and conclusions of the motion court are clearly erroneous. The findings and conclusions are deemed erroneous if after reviewing the record, this court is left with the definite and firm belief that a mistake has been made. *State v. Roll*, 942 S.W.2d 370, 375 (Mo. banc 1997). Movant bears the burden of establishing his grounds for relief by a preponderance of the evidence. *State v. Nunley*, 923 S.W.2d 911, 922 (Mo. banc 1996). This burden is a heavy one; the hearing court is free to believe or disbelieve any evidence, whether contradicted or undisputed, including the movant's testimony. *Short v. State*, 771 S.W.2d 859, 864 (Mo.App.1989). We give deference to the motion court on matters of credibility. *State v. Taylor*, 929 S.W.2d 209, 224 (Mo. banc 1996).

## No Factual Basis for Saffold's Plea

In Point I, Saffold contends that the motion court clearly erred in denying his Rule 24.035 motion for post-conviction relief because the ruling violated his right to due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, § 10 of the Missouri Constitution in that his plea was unknowing and involuntary because he did not understand the factual basis for the plea. Saffold claims that he pleaded guilty without understanding that the incident he described did not constitute the offense of sodomy.

Rule 24.035 provides a vehicle for a prisoner to challenge the legality of his conviction or sentence after a guilty plea. We have not found a case specifically holding that a claim of violation of a Rule 24.02 factual basis requirement is cognizable in a 24.035 proceeding. However, many courts have entertained the factual basis issue in a 24.035 proceeding. *See, e.g., Taylor*, 929 S.W.2d at 209; *Hoskin v. State*, 863 S.W.2d 637 (Mo.App.1993). Also, the language of Rule 24.035, inviting claims of the defendant that his conviction violates the constitution and laws of this state or of the United States, is amply broad to suggest the applicability of the claim in the 24.035 proceeding. *Cf. also Blackford v. State*, 884 S.W.2d 98 (Mo.App. 1994) (finding another section of Rule 24.02 pertinent to a Rule 24.035 inquiry).

At the evidentiary hearing, Saffold testified that he had given the police a statement concerning the incident. He claimed that the victim was in bed with him and her mother. He woke to find the victim's mouth on his penis, and he told her to quit. Saffold said that he wanted to enter a plea based upon *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) in which Saffold would deny actual guilt, but would plead guilty on the basis that there was substantial evidence of his guilt. The State, however, refused to accept an *Alford* plea.

The State contends that the record supports the motion court's findings that the conduct charged fell within the then definition of "deviant sexual behavior" and that the offense of sodomy does not require a particular state of mind. Moreover, the state points

out that it is not constitutionally mandated that a sufficient factual basis be established when a defendant admits his guilt.

By pleading guilty, a defendant waives all errors except for those affecting the voluntariness or understanding with which the plea was made. *White v. State,* 957 S.W.2d 805, 807 (Mo.App.1997). A guilty plea must be made knowingly and voluntarily. *Johnson v. State,* 921 S.W.2d 48, 50 (Mo.App.1996). Our focus is on whether the plea is made intelligently and voluntarily, not whether a particular ritual is followed or every detail explained. *Cross v. State,* 928 S.W.2d 418, 419 (Mo.App.1996).

In Missouri, the plea court may not enter judgment on a plea of guilty until it makes a determination that there is a factual basis for the plea. *State v. Hunter,* 840 S.W.2d 850, 864 (Mo. banc 1992). Rule 24.02 sets out the procedure to follow for pleas in felony and misdemeanor cases. Rule 24.02(e) states: "The court shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea." Some of the stated purposes of Rule 24.02 are that a defendant understand the specific charges against him, that he understand the maximum penalty confronting him, and that he recognize that he has waived specific legal rights by pleading guilty. *Taylor,* 929 S.W.2d at 216. A plea forms the factual basis for a guilty plea where it is voluntarily and understandingly made, as well as unequivocal as to the factual requisites necessary to establish every element of the offense. *State v. Shafer,* 969 S.W.2d 719, 734 (Mo. banc 1998).

A plea of guilty is looked upon as an admission to the facts that are alleged in the charging instrument. *Pelton v. State,* 831 S.W.2d 651, 653 (Mo.App.1992). A defendant need not expressly admit guilt before the court can make a determination as to the factual basis of a plea. *Id.* The defendant need not admit to or even believe the truth of the charges; it is required only that the plea be made knowingly and voluntarily. *Id.* It is not required that every element of the crime be explained so long as the defendant understands the nature of the charge. *White v.*

*State,* 954 S.W.2d 703, 705 (Mo.App.1997). "When an accused admits in open court facts which constitute the offense for which he is charged, he cannot thereafter withdraw his plea on the assertion that he did not understand the nature of charge to which he plead [sic] guilty." *Taylor,* 929 S.W.2d at 217 (citations omitted).

The motion court found that a factual basis for Saffold's plea had been established, stating:

> The factual basis is clearly established to support the plea of guilty to sodomy. Under *State v. Ennis,* 887 S.W.2d 771 (Mo. App.19 )[sic], the court held that the "factual basis required for guilty plea need not be established by defendant's testimony at guilty hearing but, rather, may be established if defendant understands the facts outlined by the judge or prosecutor." The transcript reveals no indication that the Movant did not understand the facts outlined by the prosecutor or judge.
>
> . . . .
>
> Further, this allegation is not supported by the transcript of the plea and sentencing hearing. At the plea and sentencing hearing, Movant admitted his guilt to the sodomy charge and in doing so accepted criminal responsibility for the act.

Saffold correctly points out that the Missouri Court of Appeals has found guilty pleas invalid based upon the lack of a factual basis in the record, as is required under Rule 24.02(e), primarily relying upon *Ennis v. State,* 887 S.W.2d 771 (Mo.App.1994) and *Hoskin v. State,* 863 S.W.2d 637 (Mo.App. 1993). In *Hoskin,* the defendant was charged with kidnapping, rape, attempted sodomy, sexual abuse in the first degree, stealing a motor vehicle and three counts of armed criminal action. *Hoskin,* 863 S.W.2d at 638. He entered a guilty plea. At the plea hearing, the court read the charges to him in language that was substantially the same as that contained in the information and asked him if he did what the information said that he did. *Id.* Hoskin agreed that he had. No explanation of any supporting evidence was asked for and the defendant was not asked to explain his actions. The appellate court found that the allegations con-

tained in the information relating to the kidnapping, rape, and stealing a motor vehicle were simple and specific. The court reversed Hoskin's convictions of attempted sodomy and sexual abuse in the first degree (and the armed criminal action count associated with it) because there was no description of the nature of the defendant's acts which would constitute the commission of attempted sodomy or the sexual abuse in the first degree. *Id.* at 639–40.

*Ennis* is similar to *Hoskin.* In *Ennis,* the defendant pled guilty to two counts of sodomy. The court held that the requisite factual basis for the plea had not been established in the absence of a description of the acts constituting sodomy because the meaning of the term "deviate sexual intercourse" is not readily apparent without the statutory definition. *Ennis,* 887 S.W.2d at 774. In that case, the only facts that Ennis admitted were that he had sexual intercourse with two girls under the age of fourteen to whom he was not married. Sexual intercourse, while the basis for a charge of rape, is not a basis for a charge of sodomy. *Id.*

Section 566.060.2, RSMo 1986 states that "A person commits the crime of sodomy if .... [h]e has deviate sexual intercourse with another person who is less than fourteen years old." The definition of "deviate sexual intercourse" is found in § 566.010(2) which defines that term as "any sexual act involving the genitals of one person and the mouth, tongue, hand or anus of another person." The conduct described in the transcript fits this definition. However, Saffold points out that he denied "knowingly" participating in the act forming the basis for his conviction and that the record does not show an intent to gratify sexual desire. In *State v. Fields,* 739 S.W.2d 700, 704 (Mo. banc 1987) the Missouri Supreme Court held that "deviate sexual intercourse" carries the implication of an intent to arouse or gratify sexual desire.

The transcript of the guilty plea reveals that a complete factual basis for Saffold's plea was not established because Saffold denied knowing participation. Saffold, consistent with the statement he gave police, denied having knowingly participated in the offense:

Q. [by the Court] Now, sir, have you read the charge?

A. Yes, sir.

Q. You understand that you're charged between the dates stated that you had deviate sexual intercourse with [Victim]?

A. Yes, sir.

Q. Is that a true statement, sir?

A. Yes, sir.

Q. Were you married to [Victim]?

A. Yes, sir?

Q. Was—

A. No, sir.

Q. Was she then less than 14 years of age?

A. Yes, sir.

Q. I read the probable cause statement that the police brought over at the time of your arrest. Did you participate in this act knowingly?

A. No, sir.

Saffold's denial of knowing participation was not followed up by the court. The denial of knowing participation creates a problem in finding a factual basis for the plea, in view of the fact that a necessary element of the offense in question is the intent to arouse or gratify sexual desire. *Fields,* 739 S.W.2d at 704. We fail to see how the court could infer intent to arouse or gratify sexual desire when the accused, though admitting the victim put her mouth on his genitals, denied that he knowingly permitted it, and contended that he immediately made the victim stop this action. Although Saffold entered a plea of guilty to the charge of sodomy, the court did not establish that his conduct fell within the charge. Nothing in the information describes the nature of the act constituting the deviate sexual intercourse, or the essential elements. The information charged only that the defendant "had deviate sexual intercourse with [victim]." The record of the plea hearing contains no explanation of all of the elements of the offense charged, notably what constitutes "deviate sexual intercourse." As in *Ennis* and *Hoskin,* the record fails to demonstrate that Saffold understood the offense with which he was charged, and that he was knowingly pleading guilty in light of that

understanding. Consequently, the requirements of Rule 24.02(e) were not met and the motion court's denial of Saffold's Rule 24.035 motion was clearly erroneous.

Saffold's plea of guilty is voided, his conviction is vacated, and the case is remanded for trial or other proceedings.

ELLIS and HOWARD, JJ., concur.