**Mike T. HOLLOWAY, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. WD 55509.**

Missouri Court of Appeals,
Western District.

March 23, 1999.

Craig Johnston, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Meghan J. Stephens, Asst. Attorney General, Jefferson City, for respondent.

FOREST W. HANNA, Presiding Judge.

The defendant, Mike Holloway, was charged with the class A felony of attempted escape from confinement pursuant to § 575.210, RSMo 1994. The state amended the information by interlineation to the class D felony of attempted escape from confinement. Pursuant to a negotiated plea agreement in the underlying criminal case, the defendant pleaded guilty to the amended charge. He was sentenced to a term of five years imprisonment to be served concurrently with other sentences he was presently serving. Defendant's Rule 24.035 motion to vacate his conviction was denied without an evidentiary hearing, and this appeal followed.

The defendant contends on appeal that the plea court was without jurisdiction to accept his plea because there was no factual basis established for his plea, and the amended information failed to charge a crime. He also complains that the motion court failed to enter specific findings of fact.

At the plea hearing on February 10, 1997, the defendant testified that he understood the charges against him and that he was pleading guilty because he was guilty of the crime with which he was charged. He told the court that he understood that the charge had been reduced from a class A felony of attempted escape to the class D felony. He understood that the range of punishment for this crime charged was a maximum of five years in prison, or one year in the county jail, or a $5,000 fine, or a combination of a fine and jail.[1] The defendant stated that he had

1. The discourse between court and defendant also showed that the defendant understood that he would waive his constitutional and statutory rights to a trial by jury, an attorney, to remain silent, and to cross-examine and subpoena witnesses and whether tried by a judge or jury. He further testified that he understood that the state would be obligated to prove guilt beyond a reasonable doubt requiring a unanimous vote of the

enough time to discuss the case with his attorney, that he was satisfied with his attorney's services, and that his sentence was what he expected under the plea bargain. Furthermore, the defendant filed with the court a written Petition to Enter Plea of Guilty.

The court asked the defendant whether there was a plea agreement. He answered in the affirmative and explained that the state would drop the charge from a class A felony to a class D felony, and the state would not file assault charges against him. The prosecutor agreed, and added that the defendant would receive a five-year sentence to be imposed concurrently with the time currently serving. After sentencing, the defendant told the court that he got what he bargained for.

Our standard of review of a Rule 24.035 motion is limited to a determination of whether the findings and conclusions of the motion court were clearly erroneous. *Ennis v. State,* 887 S.W.2d 771, 772 (Mo.App.1994)(citing Rule 24.035(j) and *Trehan v. State,* 872 S.W.2d 156, 158 (Mo.App. 1994)). Although an evidentiary hearing was denied, such a hearing is not always necessary to determine the facts developed at the plea hearing and whether those facts were sufficient to show a factual basis, as required by Rule 24.02(e), of the crime charged. *Hoskin v. State,* 863 S.W.2d 637, 639 (Mo.App. 1993). The matter may be resolved by a study of the plea hearing. *Id.*

The defendant's primary challenge is directed at the lack of specificity of the factual statement detailing the crime of attempt to escape from confinement. The crime of attempt to escape from confinement requires proof that the defendant was in confinement for a crime, and that he attempted to free himself of the limits of that confinement. *State v. Davidson,* 947 S.W.2d 87, 89 (Mo. App.1981). The term "attempt" carries both a common law and a statutory meaning. *State v. Reyes,* 862 S.W.2d 377, 380 (Mo.App. 1993). The inchoate offense of attempt is defined in the Criminal Code as any act which is a *substantial step* toward the commission of an offense, done with the purpose of committing the offense. § 564.011, RSMo 1994. It is more comprehensive than the common law offense of attempt and is classified as a class C felony with a lesser punishment. The definition of attempt to escape from confinement, the crime that the defendant was charged with, requires conduct that "nearly approached the consummation of the offense." As such, the defendant argues that his plea was "involuntary and unintelligent" in that it lacked any details explaining his "attempt" to escape. The defendant maintains that the plea court could not determine whether his conduct nearly approached consummation of the offense, or whether it fell within the broader conduct of a substantial step toward the commission of the offense.[2]

Rule 24.02(e) provides that "the court shall not enter a judgment of guilty unless it determines that there is a factual basis for the plea." If the facts do not establish the offense, the court must reject the guilty plea. *Ennis,* 887 S.W.2d at 773. Rule 24.02(e) is designed to insure that the defendant enters a plea of guilty intelligently and voluntarily. *Id.* at 775; *Sales v. State,* 700 S.W.2d 131, 133 (Mo.App.1985). By pleading guilty, a defendant waives all errors except those affecting the voluntariness or understanding with which the plea is made. *White v. State,* 957 S.W.2d 805, 807 (Mo.App. 1997). As we have repeatedly stated, a reviewing court's focus is on whether the plea

jury, and in the event of a conviction, the right to appeal.

2. In a related point, the defendant argues that the amended charge added to his confusion in that the amended information mentioned escape from "custody," which is different from escape from "confinement." The amended charge provides:

> The Prosecuting Attorney for the County of Nodaway, State of Missouri, charges the defendant, in violation of Section 575.210, RSMo, committed the class D felony of attempted escape from confinement, punishable upon conviction under Section 558.011 and 560.016, RSMo, in that on or about the 14th day of June, 1996, in the County of Nodaway, State of Missouri, the defendant, while being held in confinement after arrest for the class D felony of knowingly burning, attempted to escape from custody.

This argument is addressed *infra.*

was made intelligently and voluntarily, not whether a particular ritual is followed or every detail explained. *See Cross v. State,* 928 S.W.2d 418, 419 (Mo.App.1996); *Rolfes v. State,* 574 S.W.2d 948, 950 (Mo.App.1978); *Baker v. State,* 524 S.W.2d 144, 147 (Mo.App. 1975).

Certain crimes of attempt, like attempt to escape from confinement, are subsumed in the body of the statute governing the underlying offense, *i.e.* escape from confinement. *Reyes,* 862 S.W.2d at 379. The common law definition of attempt applies to this special category of attempt crimes, unless the prosecutor explicitly opts to charge the defendant under the general attempt statute. *Id.* at 380. The common law definition of the term attempt would apply. *Reyes,* 862 S.W.2d at 386. Thus, the defendant is guilty of the class D felony of attempt to escape, pursuant to § 575.210, if his conduct "nearly approached the consummation" of the escape.

Our inquiry here, as in all Rule 24.035 motions, is whether the record warrants the conclusion that the defendant knowingly, voluntarily and intelligently entered his guilty plea. "[I]t is not necessary that the movant admit to, or even believe, the veracity of the elements of the charge against him in order for his guilty plea to be valid ... all that is necessary is that the plea be knowing and voluntary." *Bird v. State,* 657 S.W.2d 315, 316 (Mo.App.1983)(citing *Bradley v. State,* 494 S.W.2d 45, 48 (Mo. 1973); *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *Bounds v. State,* 556 S.W.2d 497 (Mo.App.1977)).

The defendant relies primarily upon *Hoskin v. State,* for the proposition that "a mere reading of the indictment and amended information" at the plea hearing does not establish a sufficient factual basis. 863 S.W.2d 637, 640 (Mo.App.1993). In *Hoskin,* the defendant was charged and plead guilty to kidnapping, rape, attempted sodomy, sexual abuse in the first degree, stealing a motor vehicle and three counts of armed criminal action. *Id.* at 638. At the plea hearing, the court read the charges to the defendant in language that was substantially the same to the language contained in the information. *Id.* at 639. The court then asked the defendant whether the charges, which had been read to him, were correct. *Id.* The defendant answered in the affirmative. *Id.* The defendant was not asked to explain or describe any of his actions that precipitated the charged offenses. *Id.*

The *Hoskin* court determined that the plea court had failed to establish a factual basis for the pleas of attempted sodomy, sexual abuse, and the accompanying armed criminal action charges. *Id.* The court reasoned that the "the term deviate sexual intercourse is an unknown," and it is unclear whether the defendant understood the charges against him. *Id.* Thus, a description of the nature of the sexual contact which constituted the alleged crimes was needed. *Id.* at 639–40. Nevertheless, the court held that the pleas to the crimes of kidnapping, rape, and motor vehicle theft had an adequate factual basis because, the court observed, each had allegations which were "simple, and specific." *Id.* at 640. The allegations of those crimes were sufficient to inform the defendant in terms that a layman would understand what acts he was charged with committing, and the commission of which constituted the crimes charged. *Id.*

In *Ennis v. State,* the court determined, on the one hand, that the defendant's admission at the plea hearing that he ran out of the police department after being arrested provided a sufficient factual basis for his plea of escape from custody. 887 S.W.2d 771, 775 (Mo.App.1994). On the other hand, the court also found that the defendant's admission to two courts of sodomy with the victims lacked a sufficient factual basis because the meaning of the term "deviate sexual intercourse" was not readily apparent without the statutory definition. *Id.* Apparently, the defendant waived the reading of the amended information that charged him with deviate sexual intercourse; therefore, the only evidence supporting a factual basis was his testimony that he had "sexual intercourse" with his two grandchildren.[3] *Id.* at 774.

3. Compare *Skaggs v. State,* where the defendant's statement "I ran out of the Park Hills Police

Unlike the evidence in *Hoskin* and *Ennis,* the record in the instant case reflects that the defendant understood the charges against him and the facts of the crime. The facts, in addition to those mentioned *supra,* which show that the defendant understood the charges are as follows.

The court addressed the defendant at the plea hearing:

Q. Mr. Holloway, what did you do that got you charged with this crime?

A. Being held in Nodaway County jail and – from Worth County, while over there I attempted to escape.

Q. [To the prosecutor], what facts does the state have to support this plea?

A. Factual basis would be on June 14th, 1996, in Nodaway County this defendant while being held for confinement in the Nodaway county jail, that hold occurring based on an arrest for class D felony of knowingly burning from another county, this defendant attempted to escape from the custody of the Nodaway County Jail.

Q. Mr. Holloway, you've heard the statements of the prosecutor. Do you have any additions or corrections to his statement of the facts?

A. No.

Q. Do you agree his statement of the facts are accurate and true?

A. Yes.

Additionally, in his Petition to Enter a Plea of Guilty, the defendant represented to the court that: 1) he had received a copy of the information; 2) he had read the information; 3) he had discussed it with his attorney; 4) his attorney had "explained every charge to me"; 5) he understood that he was charged with "Attempted Escape" – a class D felony; and 6) he understood the nature of every charge against him. The petition also stated that the defendant told his attorney all of the facts and circumstances about the charges made against him in the information and believed that his attorney had fully informed him on all such matters. His attorney, Mr. Jason Soper, certified that he had read and fully explained the allegations in the information and that it was his best belief that the representations made by the defendant in the petition were accurate and true. Finally, in his petition, the defendant wrote that "[o]n June 14, 1996, in Nodaway County, Mo., I, while being held in confinement after arrest for the class D felony of knowingly burning, attempted to escape from custody."

In *Sales v. State,* the appellate court found a sufficient factual basis for defendant's guilty plea. The court based this decision on the fact that: 1) the defendant had discussed the charges with his attorney; 2) had been advised what the charges were and the possibilities that could result from them; 3) understood the charges; and 4) that there was nothing about the case which he did not understand. 700 S.W.2d 131, 132. The court also observed that the defendant's guilty plea was part of a plea bargain, and thus concluded that it was a tactical decision. *Id.* at 133.[4]

In *Trehan v. State,* the defendant claimed the record did not establish a factual basis for the charge of receiving stolen property because he specifically told the court that no one told him it was stolen. 872 S.W.2d 156, 160. However, the record also showed that he understood the allegations in the information, that it was read to him, that he was informed of his alternatives, and that he admitted that he was guilty of the offense with which he was charged. *Id.* at 160–61. The court held that the record refuted his equivo-

Department," was deemed a sufficient factual basis to establish a plea of escape after arrest. 920 S.W.2d 118, 120 (Mo.App.1996). Relying on this testimony, the court determined that the defendant "understood and acknowledged the charge and each element essential to the charge." *Id.* at 120. See also *Beaver v. State,* 702 S.W.2d 149, 151 (Mo.App.1985)(finding a sufficient factual basis where defendant told the court that he "escaped from confinement from Newton County Jail").

4. In this case the record indicates that the defendant did not waive his right to a preliminary hearing. The case law suggests that a defendant's presence at the preliminary hearing indicates that the defendant knew the facts of the crime. However, our decision is not dependant upon on the fact that the record indicates that since he did not waive a preliminary hearing that he had one. *McDonald v. State,* 734 S.W.2d 596 (Mo.App.1987).

cation to the court that he was not told the property was stolen. *Id.*

In the present case, the defendant's testimony was that he was confined to jail on a felony charge and that he unsuccessfully tried to escape. The prosecutor restated those facts to the court in the defendant's presence, and the defendant agreed that it was an accurate statement. He specifically stated that he had nothing to add to the prosecutor's statement. Furthermore, he testified that he knew the range of punishment for the felony of escape from confinement, a class D felony. The plea transcript establishes: 1) that the defendant plead guilty, 2) that he had a copy of the information which he read and discussed with his attorney; 3) that his attorney explained the charge to him; and 4) that he understood the charge. These representations are considered in light of his statement that he told his attorney all of the facts and circumstances surrounding his attempted escape. His attorney confirmed the defendant's statement to the court, and represented that he had fully explained the allegations in the information to the defendant.

Additionally, it is important to note that this was a negotiated plea agreement. Upon entering into the agreement, the defendant knew that he would receive a five year sentence for the crime of attempted escape and would not be charged with the crime of assault. *Sales,* 700 S.W.2d at 132–33; *Hutson v. State,* 878 S.W.2d 497, 499 (Mo.App.1994). The crime charged is simple, and the defendant's statements to the court regarding his understanding of the charge make it clear that the defendant understood the charge against him.

This court has consistently denied post-conviction relief based on alleged Rule 24.02(e) violations, where it is expressly established that the defendant understood the charges, discussed the charges with his attorney, and understood the facts of the case. *See Taylor,* 929 S.W.2d at 216 (finding that the purpose of Rule 24.02 is that the intention that the court be convinced that the defendant understands the specific charges and the maximum penalty confronting him and that the defendant recognizes that by pleading guilty, he waives a number of legal rights); *Morgan v. State,* 852 S.W.2d 374, 375 (Mo.App.1993); *McDonald v. State,* 734 S.W.2d 596, 600 (Mo.App.1987)(ruling that factual basis was sufficient in that, defendant pled guilty to the charges as set out in the information and told the court that he understood the charges); *Sales v. State,* 700 S.W.2d 131, 134 (Mo.App.1985); *Trehan v. State* 872 S.W.2d 156, 160 (Mo.App.1994). Here, the record in the plea court shows a sufficient factual basis that the defendant entered a knowing and intelligent guilty plea.

Next, the defendant claims that the information was factually defective in that it charged the defendant with the crime of escape from *custody,* as opposed to escape from *confinement.* Specifically, the information stated that "the defendant while being held in confinement, after arrest for the class D felony of knowingly burning, attempted to escape from *custody.*" [5]

Initially, we note that the amended charge of an escape from confinement is clear from a reading of the information, even though the word "custody" is used in one instance. Importantly, the amended information specifically charges the defendant with the class D felony of escape from confinement, pursuant to § 575.210. However, the defendant's argument was not raised in his Rule 24.035 motion, nor in the amended motion. The defendant asserts this claim for the first time on appeal. Therefore, it is not reviewable. Claims that could have been properly raised in a post-conviction motion, but were not included in such a motion, are waived and cannot be reviewed on appeal.

5. The crimes of attempted escape from custody and attempted escape from confinement are separate and distinct crimes. Attempted escape from custody constitutes attempting to escape while being held in custody after arrest. Custody means being under arrest, but not yet delivered to a place of confinement. Alternatively, the crime of escape from confinement is committed by escaping or attempting to escape while being held in confinement. A person is in confinement when he is held in a place of confinement pursuant to arrest or order of a court. See *State v. Davidson,* 947 S.W.2d 87, 89 (Mo.App.1997); *State v. Woodrome,* 768 S.W.2d 149, 151 (Mo. App.1989).

*State v. Twenter,* 818 S.W.2d 628, 641 (Mo. banc 1991); *Risalvato v. State,* 856 S.W.2d 370, 372 (Mo.App.1993). An issue not before the motion court renders the appellate court without jurisdiction to consider this claim. *State v. Light,* 835 S.W.2d 933, 941 (Mo.App. 1992). *See also State v. Parkhurst,* 845 S.W.2d 31, 35 (Mo. banc 1992). Point denied.

In his second point, the defendant argues that the motion court erred in failing to enter specific findings of fact and conclusions of law as to the allegations contained in his Rule 24.035 motion, as required by Rule 24.035(j), in order to allow meaningful review. *Recklein v. State,* 813 S.W.2d 67, 70 (Mo.App.1991).[6]

The motion court's findings and conclusions need only be sufficient to adequately allow the appellate court to review the movant's contentions and determine whether the findings and conclusions were clearly erroneous. *State v. Rowe,* 838 S.W.2d 103, 113 (Mo.App.1992). Failure of the motion court's finding of fact and conclusions of law to specifically refer to the allegations which are refuted by the record does not necessarily result in error. *Trehan,* 872 S.W.2d at 161. The record supports the motion court's findings and conclusions. The court's findings and conclusions were sufficient to allow us to conduct a meaningful review. Accordingly, the motion court's actions were not clearly erroneous. Point denied.

Judgment affirmed.

ELLIS and RIEDERER, JJ., concur.

6. The motion court issued the following findings of fact and conclusions of law:

> Upon review of the record and after consideration of the pleadings filed by the parties, the Court finds that the grounds raised for relief by Movant are refuted by the record in this cause and further contain mere conclusions without saying specific allegations of fact.... The Court further finds that at the time of Movant's plea this Court found, upon sufficient inquiry, that Movant had received effective assistance of counsel, and that Movant has failed to establish any prejudice by the allegations cited.... The Court further finds that pursuant to Missouri Supreme Court Rule 24.035(h), Movant in this case is not entitled to an evidentiary hearing because the Motion, filed and records of this case conclusively show that Movant is entitled to no relief.