**Phinezy JOHNSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 62022.**

Missouri Court of Appeals, Western District.

Sept. 30, 2003.

Craig Allan Johnston, State Public Defender, Columbia, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joel A. Block, Asst. Attorney General, Jefferson City, for Respondent.

Before EDWIN H. SMITH, P.J., HAROLD L. LOWENSTEIN, and JAMES M. SMART, Jr., JJ.

JAMES M. SMART, JR., Judge.

Phinezy Johnson appeals the denial of his Rule 24.035 motion in which he sought to vacate his convictions following guilty pleas to domestic assault in the first degree, armed criminal action, and felonious restraint.

### Factual Background

On January 7, 2002, pursuant to a plea agreement with the State, Appellant Phinezy Johnson entered guilty pleas to the charges of first degree domestic assault, Section 565.072[1] (Count I); armed criminal action, Section 571.015 (Count II); and felonious restraint, Section 565.120 (Count III). Under the agreement, Johnson agreed to plead guilty in exchange for the State's recommendation of concurrent prison terms of twenty years, twenty years, and seven years, respectively.

At the guilty plea hearing, Johnson stated he understood that as to Count I, he was pleading guilty to "a charge which alleges that on the 25th of August of last year that [he] knowingly caused serious physical injury to one Dorothy Johnson by striking her in the face and that she was a household or family member in that [he] and Dorothy Johnson were adults who were married." Johnson admitted he did "that." As to Count II, he admitted that he struck Mrs. Johnson in the face with a baseball bat. In response to Count III, Johnson admitted that he had restrained Dorothy Johnson so as to "expose[ ] her to

a substantial risk of serious physical injury."

Also during the plea hearing, defense counsel Kathryn Benson stated she was of the opinion that the plea was in Johnson's best interest because if Johnson went to trial, she believed that there was great likelihood he would be found guilty. Defense counsel also expressed her belief that Johnson would run a substantial risk of receiving sentences from a jury that would exceed the sentences bargained for due to the "nature of the injuries in this particular case."

Judge Frank Conley of the Boone County Circuit Court accepted Johnson's plea, finding that he pled guilty "freely and voluntarily" with "understanding of the nature of charges, ranges of punishment and consequences thereof." Following the State's recommendation, the court sentenced Johnson to concurrent prison terms of twenty years on Count I, twenty years on Count II, and seven years on Count III.

Johnson timely filed his *pro se* Rule 24.035 motion, and appointed counsel filed an amended motion. In that motion, Johnson alleged, *inter alia*, that the court accepted his guilty plea to the domestic assault charge "without a factual basis" having been established as required by Rule 24.02(e) in that "serious physical injury was never defined on the record nor was the injury described such to establish serious physical injury." An evidentiary hearing was held, at which the motion court took judicial notice of the underlying criminal case. As to Johnson's "lack of factual basis" claim, motion counsel stated that no testimony was being presented because it was based on the plea hearing transcript.

On July 31, 2002, Judge Conley issued findings of fact and conclusions of law denying relief. As to Johnson's claim of

---

1. All statutory references are to Revised Statutes of Missouri 2000, unless otherwise noted.

no factual basis, the court stated that the plea hearing transcript, in its entirety, demonstrated that Johnson and his plea counsel were aware that the injuries suffered by the victim were "serious." The court also noted that where the information is read to the defendant and the defendant admits he is guilty of the charges in the information, a factual basis is established. In this case, the court explained, that was done and more. The court concluded that a factual basis was established for the guilty plea to the domestic assault charge.

This appeal follows.

## No Factual Basis

Johnson asserts that the motion court erred in denying his 24.035 motion because the guilty plea record fails to establish a sufficient factual basis for the plea. He claims that his plea was "unknowing and involuntary" in that the nature of the alleged "serious physical injury" was never factually developed during the plea proceeding.

### *Standard of Review*

Review of the denial of a post-conviction relief motion is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k); *Peiffer v. State*, 88 S.W.3d 439, 445 (Mo. banc 2002). "The court's findings of fact and conclusions of law are clearly erroneous only if, after a review of the entire record, the appellate court definitely believes that a mistake was made." *Bucklew v. State*, 38 S.W.3d 395, 397 (Mo. banc 2001).

### *Analysis*

■ Pursuant to Rule 24.02(e), "[t]he court shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea." The

recital of a factual basis for the charge helps to ensure the guilty plea is knowing and voluntary. *Carmons v. State*, 26 S.W.3d 382, 384 (Mo.App.2000). The plea itself forms the factual basis for a guilty plea if it is "voluntarily and understandingly made and unequivocal as to the factual requisites necessary to establish each element of an offense." *State v. Shafer*, 969 S.W.2d 719, 734 (Mo. banc 1998). The plea cannot be voluntary, however, unless the defendant received "notice of the true nature of the charge against him." *Ivy v. State*, 81 S.W.3d 199, 202 (Mo.App.2002). Where the information clearly charges the defendant with all the elements of the crime, the nature of the charge is explained to the defendant, and the defendant admits guilt, a factual basis is established. *Ivy*, 81 S.W.3d at 202.

Johnson pleaded guilty on Count I to first degree domestic assault. Missouri's first-degree domestic assault law, enacted in 2000, states: "A person commits the crime of domestic assault in the first degree if he ... knowingly causes or attempts to cause *serious physical injury* to a family or household member or an adult who is or has been in a continuing social relationship of a romantic or intimate nature with the actor[.]" § 565.072.1 (emphasis added). As used in section 565.072, the phrase "serious physical injury" means "physical injury that creates a substantial risk of death or that causes serious disfigurement or protracted loss or impairment of the function of any part of the body." § 565.002(6).

■ Johnson contends that there was no factual basis established for his plea to Count I because the term "serious physical injury," as used in the first-degree domestic assault statute, "was never defined on the record nor was the injury described such to establish serious physical injury." Thus, Johnson argues, his convictions for

domestic assault and armed criminal action, which was dependent upon the assault conviction, both must be set aside.

The motion court found that a factual basis for the guilty plea to domestic assault was established. The motion court stated that "[t]he guilty plea transcript, *in its entirety*, demonstrates that trial counsel and Movant were aware that the injuries suffered by his wife were 'serious'." (Emphasis added.) The court noted that the movant "hit[ ] his wife in the face with a baseball bat, which he used as a dangerous instrument, after restraining her." The court explained that "there is a factual basis for a plea where the information was read and the defendant admitted he was guilty of the charges in the information. More was done at [Johnson's] hearing." At the plea hearing, Johnson was asked:

Q: [the Court] Do you understand in Count I that you're pleading guilty to a charge which alleges that on the 25th of August of last year that you knowingly caused serious physical injury to one Dorothy Johnson by striking her in the face and that she was a household or family member in that you and Dorothy Johnson were adults who were married? Do you understand in Count I that you're pleading guilty to a charge of assault in the first degree under what we refer to as domestic assault in the first degree?

A: [Johnson] Yes, I do, sir.

Q: Did you do that?

A: Yes, I did.

Q: In Count II it's charged that at that same time and place you knowingly committed the foregoing felony of domestic assault in the first degree by, with, and through the use and assistance of a dangerous instrument. Do you understand that you're pleading guilty in Count II to armed criminal action?

A: Yes, I do.

Q: What was the instrument?

A: A bat.

Q: A what?

A: A bat.

Q: A baseball bat?

A: Yes.

Q: And that's what you used. And you struck her in the face with that baseball bat?

A: Yes.

Later, the court asked plea counsel Benson if she believed that Johnson would be found guilty if he went to trial, and she replied that she did. She also stated that she believed the plea was in his best interest. The court then asked Ms. Benson:

The Court: And in that connection, do you believe if he were to stand trial in front of a jury that he would run a substantial risk that he would receive sentences which would exceed the recommendation made by the State today?

Ms. Benson: Yes, I do believe that.

The Court: And is the basis of that the nature of the injuries in this particular case?

Ms. Benson: Yes.

Johnson told the court that he agreed with his attorney "on these points."

These transcript excerpts show that the court set forth the elements of the crime to which Johnson was pleading guilty and that Johnson agreed that he committed those crimes and stated that he understood he was pleading guilty to those crimes. Johnson testified that he used a baseball bat to strike his wife in the face. The record shows that the injuries resulting from this blow were severe in that plea counsel stated that appellant would run a "substantial risk" of an increased sentence because of the nature of the victim's injuries. Although Mrs. Johnson's injuries were not described in graphic detail, it defies logic to suppose that striking someone in the face with a baseball bat would cause anything less than "serious physical

injuries." In this case, the "facts spoke for themselves." *See State v. Blockton*, 703 S.W.2d 500, 504 (Mo.App.1985) (failure to define "serious physical injury" in jury instruction was error, but not prejudicial error, where the "facts spoke for themselves").

Under Rule 24.035(i), Johnson bears the burden of demonstrating entitlement to relief by a preponderance of the evidence. *Ross v. State*, 48 S.W.3d 667, 669 (Mo.App. 2001). The two cases Johnson relies upon to support his arguments, *Hoskin v. State*, 863 S.W.2d 637, 639 (Mo.App.1993), and *Ennis v. State*, 887 S.W.2d 771, 774–75 (Mo.App.1994), are of no assistance to him. Although the courts in both cases found that a factual basis was lacking and reversed the convictions, the pleas in those cases were to charges of sodomy, the description of which includes the term "deviate sexual intercourse." "Deviate sexual intercourse" is defined as "any act involving the genitals of one person and the hand, mouth, tongue, or anus of another person." Section 566.010.1. The courts in both *Hoskin* and *Ennis* explained that the description of "deviate sexual intercourse is an unknown," is not "readily apparent in the absence of the statutory definition," and must be defined in order to establish a factual basis for a guilty plea to those particular charges. *See Hoskin*, 863 S.W.2d at 639, and *Ennis*, 887 S.W.2d at 774–75. In the case at hand, the same cannot be said of the term "serious physical injury."

■ *Hoskin* also states that where the allegations contained in the counts are "simple, specific and sufficient to inform the defendant in terms that a layman would understand what acts he was charged with committing," then a factual basis is established. *Hoskin*, 863 S.W.2d at 639. The *Hoskin* court found that the charges of kidnapping, rape, and stealing a motor vehicle fit within this category. *Id.*

Here, any layperson would understand that striking a restrained person in the face with a baseball bat necessarily would "create[ ] a substantial risk of death" or "cause[ ] serious disfigurement or protracted loss or impairment of the function of any part of the body."

Appellant concedes that a defendant's admission that he did the acts charged in the information can be sufficient to support a factual basis for the guilty plea, *citing Skaggs v. State*, 920 S.W.2d 118 (Mo.App.1996). Despite the fact that the statutory definition was not given at the plea hearing, it is evident that both Johnson and his plea counsel understood that his act of striking Mrs. Johnson in the face with a baseball bat had caused "serious physical injury." They had obviously discussed the matter and agreed that due to the nature of the victim's injuries it would be better if those injuries were not considered by a jury. Plea counsel indicated that the injuries were severe when she testified that she felt a jury would sentence Johnson to a longer prison term than he would receive through the plea bargain, which at twenty years was substantial. In light of this, it is clear that Johnson knew the victim had suffered serious physical injury and that he fully understood he was pleading guilty to causing those injuries. Johnson's admission to the elements of the crime with which he was charged and his statement that he understood those charges establishes a sufficient factual basis for his guilty plea.

### Conclusion

For the foregoing reasons, the judgment is affirmed.

SMITH and LOWENSTEIN, JJ., concur.