**Roberta L. CARMONS, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. WD 57241.

Missouri Court of Appeals, Western District.

July 18, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 29, 2000.

Application for Transfer Denied Oct. 3, 2000.

Kent E. Gipson, Jeremy S. Weis, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Andrea L. Mazza, Asst. Atty. Gen., Jefferson City, for respondent.

PAUL M. SPINDEN, Judge.

Roberta L. Carmons appeals from the circuit court's judgment denying her Rule 24.035 postconviction relief motion after an evidentiary hearing. She contends that the circuit court erred in accepting her guilty plea to the charge of endangering the welfare of a child in the first degree because no factual basis existed for the plea. We agree and reverse and remand for the circuit court to vacate and set aside Carmons' guilty plea.

 Our review of a circuit court's ruling on a Rule 24.035 motion is limited to a determination of whether the findings and conclusions of the circuit court are clearly erroneous. Rule 24.035(k). In response to Carmons' claim that no factual basis existed for her plea, the circuit court said:

> During the plea proceeding, I was convinced [Carmons] understood the

charges against her and was pleading guilty voluntarily. I made that finding at the end of the plea proceeding.... [Carmons] told me she was pleading guilty because she was guilty.... It was clear from the record what the charge was and that she agreed she was guilty.... [F]rom the earlier plea proceeding, it was clear to me [Carmons] knew what to do if she did not wish to plead guilty.[1]....

It is not necessary for the trial Court to explain every element of a crime as long as the Movant understands the nature of the charge. *State v. Taylor*, 929 S.W.2d 209 (Mo. banc 1996). Here, considering [the testimony of Carmons' attorney at the guilty plea hearing] and the contents of the two plea proceedings, I believe [Carmons] understood the charges and voluntarily pled guilty.

In fact, [Carmons] could have entered a guilty plea while professing her innocence. *Pelton v. State*, 831 S.W.2d 651 (Mo.App. W.D.1992).

■■■ Rule 24.02(e) says, "The court shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea." Before accepting the guilty plea, the circuit court, therefore, must "determine facts which defendant admits by his plea and that those facts would result in defendant being guilty of the offense charged." *Hoskin v. State*, 863 S.W.2d 637, 639 (Mo.App.1993). If the facts presented to the court during the guilty plea hearing do not establish the commission of the offense, the court should reject the guilty plea. *Holloway v. State*, 989 S.W.2d 216, 219 (Mo.App.1999), *overruled on other grounds by State v. Withrow*, 8 S.W.3d 75 (Mo. banc 1999). A defendant is not required to admit or to recite the facts constituting the offense in a guilty plea proceeding, so long as a factual basis for the plea exists. *State v. Morton*, 971 S.W.2d 335, 340 (Mo.App. 1998). "A factual basis is established if

the defendant understands the facts recited by the judge or the prosecutor" at the guilty plea proceeding. *Id.* A defendant, however, should express "an awareness of the nature and elements of the charge to which he or she pleads guilty." *Vann v. State*, 959 S.W.2d 131, 134 (Mo.App.1998).

■■■ Carmons was charged with endangering the welfare of a child in the first degree under § 568.045, RSMo 1994. To sustain a conviction for first degree child endangerment, the state had to prove that Carmons "knowingly act[ed] in a manner that create[d] a substantial risk to the life, body, or health of a child less than seventeen years old[.]" Section 568.045.1(1).

During the presentation of the factual basis for the guilty plea, the circuit court told Carmons:

The [s]tate is alleging that you committed this D Felony of endangering the welfare of a child in the first degree between and including January of 1994 and May 6th of '96, here in Jackson County, by knowingly acting in a manner that created a substantial risk to the body and health of [D.J.], born April 2nd, '93, a child less than 17 years old, by allowing Juan Jose Dunson, [also known as] Juan Carmons, to have contact with [D.J.] after [D.J.] informed defendant that Juan Dunson was sexually abusing him.

In the probable cause statement it alleges that the things the [s]tate is complaining about occurred at 3324 Virginia and, of course, they are alleging this time frame of January 1994 to May 6, 1996. What they are saying is that [D.J.] had told you that his uncle, known as Mr. Carmons, had sexually abused him and that even though you had been told this by [D.J.] and by Keith Dunson, you allowed Mr. Carmons to come back and have further contact with [D.J.]

The court then inquired of Carmons:

Q. ... Ms Carmons, would you agree with me that 3324 Virginia is in Jackson County, Missouri?

---

1. Carmons attempted to plead guilty to the charge on September 30, 1996, but the circuit court rejected the plea because of an insufficient factual basis for the plea.

A. Yes, your Honor.

Q. And during the period of time we're talking about, January 1994, May 1996, you lived at that house and at least some of the time [D.J.] was there with you?

A. Yes, your Honor.

Q. And he and somebody else told you that Juan was sexually abusing him and knowing that you didn't keep Juan from coming around the house.

A. Yes, your Honor.

THE COURT: Does the [s]tate care about more facts?

[PROSECUTING ATTORNEY]: Just that she had agreed that the victim's date of birth was April 7, 1983.

Q: (By the [c]ourt) You would agree that [D.J.'s] date of birth would be 4–7–83?

A. Yes.

THE COURT: Anything else?

[PROSECUTING ATTORNEY]: I thinks that's fine, Judge.

 The record does not establish what Carmons knowingly did to present a substantial risk to D.J. "The criminal statutes for child endangerment are meant to apply to situations where [a person] creates an actual risk to the life, body, or health of a child. They are not meant to apply to situations where there is only the potential for risk to the health of the child." *State v. Wilson,* 920 S.W.2d 177, 180 (Mo.App.1996). According to § 562.016.3, RSMo 1994, a person acts knowingly "[w]ith respect to his conduct or to attendant circumstances when he is aware of the nature of his conduct or that those circumstances exist" or "[w]ith respect to a result of his conduct when he is aware that his conduct is practically certain to cause that result." Section 562.016.3(1) and (2), RSMo 1994. Thus, while the failure to act may subject an individual to prosecution for child endangerment, in such cases the failure to act

must pose an actual or "practically certain" risk or danger and not just the potential for risk or danger. *Wilson,* 920 S.W.2d at 180; *State v. Riggs,* 2 S.W.3d 867, 872–73 (Mo.App.1999).

 The facts at the guilty plea hearing showed that D.J. had told Carmons that Juan Carmons[2] had sexually abused him and, knowing that, Carmons allowed Juan Carmons to have contact with D.J. and did not keep Juan Carmons from coming around her house. The facts do not establish what kind of contact Juan Carmons was allowed to have with D.J. The facts do not establish that Carmons, armed with the knowledge that D.J. had said that Juan Carmons sexually abused him, knowingly permitted the abuse to continue. The facts do not even establish that Carmons created a situation in which it was "practically certain" that her acts would create a substantial risk to D.J.'s life, body or health, for example, knowingly leaving D.J. alone with Juan Carmons. While we recognize that the potential for harm exists when a victim comes into "contact" with the person who abused them, we cannot say that harm would occur or would be practically certain to occur by the contact alone.

 Moreover, while it is not necessary that every element of a crime be explained to a defendant, the defendant still must understand the nature of the charges against him or her. *State v. Taylor,* 929 S.W.2d 209, 217 (Mo. banc 1996), *cert. denied,* 519 U.S. 1152, 117 S.Ct. 1088, 137 L.Ed.2d 222 (1997). Given the record before us, we cannot say that Carmons understood the nature of the charges against her because the facts do not establish what actions created a substantial risk to D.J.'s life, body or health or that it was "practically certain" that Carmons' actions created a substantial risk to D.J.'s life, body or health.

Thus, we find that the circuit court clearly erred in accepting Carmons' plea of

2. At the Rule 24.035 evidentiary hearing, Juan Carmons testified that his name was Juan J. Dunson Carmons, so we refer to him as Juan Carmons rather than Juan Dunson as the circuit court did.

guilty to endangering the welfare of a child in the first degree because the circuit court failed to establish a proper factual basis for that offense, in violation of Rule 24.02(e). The requirements of Rule 24.02(e) were not met in the absence of any description of the nature of the defendant's acts which would constitute commission of endangering the welfare of a child. The record, therefore, shows an insufficient factual basis that Carmons entered a knowing and intelligent guilty plea. We reverse the circuit court's judgment and remand with directions that that the circuit court vacate and set aside Carmons' guilty plea.[3]

THOMAS H. NEWTON, Presiding Judge, and JAMES M. SMART, Jr., Judge, concur.

---

**3.** Because we reach this conclusion, we need not address Carmons' remaining contentions on appeal that she received ineffective assistance of counsel, that the circuit court erred in quashing Carmons' subpoena to obtain the juvenile records of D.J. and that the judge should have disqualified himself from presiding over the Rule 24.035 action because he was biased.