**James Russell ROSS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 59090.**

Missouri Court of Appeals,
Western District.

June 26, 2001.

Irene Karns, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stephanie Morrell, Asst. Atty. Gen., Jefferson City, for respondent.

Before ULRICH, P.J., EDWIN H. SMITH, and NEWTON, JJ.

ULRICH, P.J.

James Russell Ross appeals the denial of his Rule 24.035 postconviction relief motion without an evidentiary hearing. He had been convicted of the class B felony of possession of a weapon about the premises of a correctional institution of the Missouri Department of Corrections and Human Resources, section 217.360.1(4), RSMo 2000, and sentenced to five years imprisonment. Mr. Ross asserted in his motion that his right to due process was abridged because his plea was accepted without a factual basis being established. The motion court denied the motion and assessed costs of $90 against Mr. Ross. Mr. Ross timely appealed the motion court's decision.

On appeal, Mr. Ross claims that the motion court clearly erred in denying his Rule 24.035 motion without granting an evidentiary hearing or addressing his claim that his due process rights under the Fourteenth Amendment to the United States Constitution and Article I, section 10 of the Missouri Constitution were violated when the court accepted his guilty plea without first ascertaining a factual basis for the conviction as required by Rule 24.02(e). Mr. Ross also claims that the motion court plainly erred in assessing and collecting costs from him after denying his postconviction relief motion.

■ Review of the motion court's decision is limited to determining whether the judgment of the court is clearly erroneous. Rule 24.035(k); *State v. Roll,* 942 S.W.2d 370, 375 (Mo. banc 1997), *cert. denied,* 522 U.S. 954, 118 S.Ct. 378, 139 L.Ed.2d 295 (1997). Only when the appellate court is left with the definite and firm belief that a mistake has been made, after reviewing the entire record, will a judgment be found

to be clearly erroneous. *Roll,* 942 S.W.2d at 375. The appellant must demonstrate entitlement to relief by a preponderance of the evidence. Rule 24.035(i); *State v. Nunley,* 923 S.W.2d 911, 922 (Mo. banc 1996), *cert. denied,* 519 U.S. 1094, 117 S.Ct. 772, 136 L.Ed.2d 717 (1997).

■ Mr. Ross's first point on appeal claims that no factual basis was stated at the time he entered the plea of guilty. He requests this court to remand the case for an evidentiary hearing on this issue. An evidentiary hearing, however, is not automatically necessary to determine whether the record contains a factual basis for a guilty plea as required by Rule 24.02(e). *Hoskin v. State,* 863 S.W.2d 637, 639 (Mo. App. E.D.1993). Instead, this is a matter to be resolved by a study of the plea hearing. *Id.*

■ Under Rule 24.02(e), a court may not enter judgment on a plea of guilty unless the court first determines that a factual basis for the plea is established. Rule 24.02(e). Before accepting a guilty plea, the trial court must "determine facts which defendant admits by his plea and that those facts would result in defendant being guilty of the offense charged." *Carmons v. State,* 26 S.W.3d 382, 384 (Mo. App. W.D.2000) (quoting *Hoskin,* 863 S.W.2d at 639). "Some of the stated purposes of Rule 24.02 are that a defendant understand the specific charges against him, that he understand the maximum penalty confronting him, and that he recognize that he has waived specific legal rights by pleading guilty." *Saffold v. State,* 982 S.W.2d 749, 753 (Mo.App. W.D. 1998). A defendant is not required to admit or recite the facts constituting the offense in the guilty plea hearing as long as a factual basis for the plea exists. *Carmons,* 26 S.W.3d at 384. A factual basis for a guilty plea is established if the defen-

dant understands the facts recited by the judge or prosecutor. *Id.* The defendant should express an awareness of the nature and elements of the charge to which he pleads guilty. *Id.* Where a guilty plea is voluntarily and understandingly made, as well as unequivocal as to the factual requisites necessary to establish every element of the offense, a factual basis exists for the plea. *Saffold,* 982 S.W.2d at 753.

Mr. Ross was charged with knowingly possessing "an ice pick type weapon" (ice pick) while incarcerated on or about the premises of the Jefferson City Correctional Center in violation of section 217.360.1(4). Section 217.360.1(4) states in pertinent part:

> 1. It shall be an offense for any person to knowingly ... have in his possession, deposit or conceal in or about the premises of any correctional center:
>
> * * *
>
> (4) Any gun, knife, weapon, or other article or item of personal property that may be used in such manner as to endanger the safety or security of the correctional center or as to endanger the life or limb of any offender or employee of such a center.

§ 217.360.1(4), RSMo 2000. The elements of the offense charged in the indictment, therefore, are that Mr. Ross (1) knowingly possessed, deposited or concealed in or about the premises of the Jefferson City correctional center (2) a weapon or other article or item of personal property that may be used in such manner as to endanger the safety or security of the correc-

tional center or as to endanger the life or limb of any offender or employee of the center.[1] Thus, Mr. Ross must have testified to facts, or acknowledged facts recited by the prosecutor, the court or defense counsel, that satisfy the elements of the offense charged.

■■■ During the guilty plea hearing, the following colloquy that constituted the basis for the plea occurred between the plea court and Mr. Ross:

> Court: By pleading guilty, obviously you admit your guilt, and you leave the matter of your punishment up to this court, which has to be a minimum of five years or a maximum of 15. Do you understand that?
>
> Mr. Ross: Yeah.
>
> * * * * *
>
> Court: You have not been threatened. Did you have an ice pick in your possession or—
>
> Mr. Ross: There was one found in my cell, yeah.
>
> Court: All right.
>
> Mr. Ross: I didn't have it. I'm saying I—
>
> Court: It was in your cell, right?
>
> Mr. Ross: It was in my cell.
>
> Court: All right. The court finds that the defendant knowingly, willingly, intelligently and voluntarily waived his right to a trial by jury, enters a plea of guilty. I find there's a factual basis for this plea and I'll accept the same. I sentence the defendant to a term of five years in the

---

1. Whether the possibility that the weapon constituting the basis for the charge could be used to endanger life or limb of an inmate or employee of a correctional facility is a necessary element of the charged offense is not considered here. The indictment asserted that the weapon could so be used. The Eastern District declared in *State v. Baker,* 850

S.W.2d 944 (Mo.App. E.D.1993), that the possibility that a gun, knife, or weapon could be used to endanger life or limb of inmate or employee of correctional facility is not an element of possession of a gun, knife or weapon; the possibility is an element only if the article or item is not a gun, knife, or weapon. *Id.* at 953.

custody of the Department of Corrections, which will run concurrently with any term or terms he's currently serving.

This exchange did not establish a factual basis for the plea court to accept Mr. Ross's plea. The guilty plea record did not establish that Mr. Ross knowingly possessed an ice pick. The facts articulated at the guilty plea hearing showed only that an ice pick was found in Mr. Ross's cell. The facts did not establish that Mr. Ross knew that the ice pick was in his cell. Additionally, the facts did not establish that Mr. Ross was in possession of the ice pick. A person has actual possession of an object for purposes of section 217.360.1 if he has the object on his person or within easy reach and convenient control. *State v. Bradshaw,* 26 S.W.3d 461, 468 (Mo.App. W.D.2000). A person has constructive possession of an object if he has the power and the intention at a given time to exercise dominion or control over the object either directly or through another person or persons. *Id.* An inference of possession and control arises where a person has exclusive control of the premises. *State v. Smith,* 33 S.W.3d 648, 653 (Mo.App. W.D. 2000). Where joint control of the premise exists, some further evidence showing that the person has knowledge of the presence of the object and control over the object is necessary. *Id.*

The facts at the guilty plea hearing did not establish either actual or constructive possession of the ice pick by Mr. Ross. The stated facts did not demonstrate that Mr. Ross had exclusive control over his cell where the object was found. The record does not support a factual finding that Mr. Ross's conduct for which he was charged satisfied each element of the offense to which he pleaded guilty. The requirements of Rule 24.02(e) were not met, and the motion court's judgment denying Mr. Ross's Rule 24.035 motion was clearly erroneous. The judgment and the order assessing costs against Mr. Ross is, therefore, reversed. Mr. Ross's guilty plea and conviction are vacated.

EDWIN H. SMITH, J., and NEWTON, J., concur.