**Willis BAILEY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 84855.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 2, 2005.

Application for Transfer to Supreme Court
Denied April 10, 2006.

Application for Transfer Denied
May 30, 2006.

Deborah Daniels, Stewart M. Freilich, co-counsel, Jefferson City, MO, for respondent.

Gary E. Brotherton, Columbia, MO, for appellant.

### OPINION

GLENN A. NORTON, Judge.

Willis Bailey appeals the judgment denying his Rule 24.035 motion after an evidentiary hearing. We affirm.

### I. BACKGROUND

Bailey was charged with two counts of first-degree murder relating to the deaths of a woman who Bailey knew was three-months pregnant with his child. He was also charged with an armed criminal action count for each of these murders. The indictment charged that Bailey "after deliberation, knowingly caused the death of [the pregnant woman] by stabbing her." In a separate count, the indictment charged that Bailey "after deliberation, knowingly caused the death of [the pregnant woman] and at the same time caused the death of her unborn child by stabbing her."

Bailey agreed to plead guilty to all counts in exchange for the State's agreement not to recommend the death penalty. At the plea hearing, the court told Bailey that he was charged with two counts of murder in the first degree and two counts

of armed criminal action all occurring on the same date, and Bailey said that he understood the charges. He also indicated that his lawyers had gone through, in detail, what the State would have to prove in order to prove him guilty beyond a reasonable doubt as to each of the elements of the crimes with which he was charged.

The State presented the following factual basis for the charges at the plea hearing: Bailey stabbed the pregnant woman five times in the chest and neck while her hands were bound together behind her back. The stab wounds to her heart and carotid artery were fatal. At the time, she was three-months pregnant with Bailey's child, and Bailey was aware of this fact. The unborn child died as a result of this murder as well. After Bailey agreed that those facts were substantially true and correct, the State added that Bailey, "before he committed this offense, coolly reflected upon it and premeditated before he in fact caused this assault that resulted in the death of [the pregnant woman]." Bailey then agreed that the facts as supplemented were substantially true and correct and were the facts to which he was pleading guilty. The court accepted his guilty pleas on all four counts and sentenced Bailey to concurrent terms of life imprisonment without probation or parole on the two murder counts and life imprisonment on the related armed criminal action counts.

Bailey filed a motion for post-conviction relief under Rule 24.035 in which he claimed that there was no factual basis for his guilty pleas on the counts relating to the unborn child. He alleged that an unborn child is not a person under the first-degree murder statute, section 565.020.1

RSMo 2000,[1] and that, alternatively, there was no charge in the indictment that he deliberated on the murder of the unborn child and no facts presented at the plea hearing showing that he deliberated about killing the unborn child.[2] After a hearing, the court denied Bailey's motion, concluding that (1) an unborn child is a person for purposes of first-degree murder, (2) the factual basis for establishing that Bailey deliberated on the murder of the pregnant woman constituted a factual basis for deliberation as to the murder of the unborn child under the doctrine of transferred intent and (3) Bailey had not alleged or demonstrated that any prejudice resulted from his guilty pleas to the counts relating to the unborn child because he had been sentenced to life without probation or parole on the counts relating to pregnant woman, which he had not challenged. Bailey appeals.

## II. DISCUSSION

We review the denial of a post-conviction motion under Rule 24.035 to determine whether the motion court's findings of fact and conclusions of law were clearly erroneous. *Weeks v. State*, 140 S.W.3d 39, 44 (Mo. banc 2004). The motion court's findings and conclusions will be deemed clearly erroneous only if, after reviewing the record, this Court is left with the definite and firm impression that a mistake has been made. *Id.*

### A. Person under Section 565.020.1

Bailey claims that an unborn child is, as a matter of law, not a person under the first-degree murder statute and, therefore, there was no factual basis for charg-

---

1. All statutory references are to RSMo 2000.

2. Bailey also alleged that counsel was ineffective for failing to investigate the law relating

to whether Bailey could be charged with the death of an unborn child, but he does not raise that issue on appeal.

ing him with murdering the unborn child. We disagree.

In *State v. Rollen,* this Court concluded that the legislature's statement in section 1.205.2 that life begins at conception means that an unborn child must be a person for purposes of felony murder in the second degree. 133 S.W.3d 57, 63 (Mo.App. E.D.2003). We also held that this conclusion "does not change depending on the degree of the criminal killing, e.g., first-degree murder, second-degree murder, or involuntary manslaughter." *Id.* (citing *State v. Holcomb,* 956 S.W.2d 286, 290 (Mo.App. W.D.1997) (unborn child is a person for purposes of first-degree murder); *State v. Knapp,* 843 S.W.2d 345, 350 (Mo. banc 1992) (unborn child is a person for purposes of involuntary manslaughter); and *Connor v. Monkem Company, Inc.,* 898 S.W.2d 89, 92 (Mo. banc 1995) (non-viable unborn child is a person for purposes of wrongful death)); *see also State v. Kenney,* 973 S.W.2d 536, 545 (Mo. App. W.D.1998) (unborn child is a person for purposes of first degree assault), *overruled on other grounds by State v. Withrow,* 8 S.W.3d 75, 80 (Mo. banc 1999). Bailey argues that this conclusion is at odds with *Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), *Webster v. Reproductive Health Services,* 492 U.S. 490, 109 S.Ct. 3040, 106 L.Ed.2d 410 (1989), and Article III, Section 28 of the Missouri Constitution. But these very arguments were rejected by this Court in *Rollen,* and Bailey does not present any persuasive reasons for overturning that decision. *See* 133 S.W.3d at 63–64. We choose to follow *Rollen* and the other Missouri precedent cited above, which establish that an unborn child is a person for purposes of first-degree murder.

Bailey also asserts that the unborn child in this case was not viable and that a non-viable fetus should be treated differently than a viable fetus for purposes of the homicide statutes. But, as the above precedent also establish, section 1.205.2 is a canon of interpretation to be read *in pari materia* with all Missouri statutes and it directs "that *the time of conception and not viability is the determinative point* at which the legally protectable rights, privileges, and immunities of an unborn child should be deemed to arise." *Connor,* 898 S.W.2d at 92 (emphasis added). Under this directive, we cannot base our interpretation of the term "person" in the homicide statutes on the viability of the unborn child. *See also Holcomb,* 956 S.W.2d at 290 (rejecting contention that State must allege viability in first-degree murder charge).

## B. Deliberation

 Bailey also claims that, even if the unborn child is considered a person for purpose of first-degree murder, there was no factual basis as to the deliberation element of that crime. We disagree.

 "The court shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea." Rule 24.02(e). A factual basis exists if the defendant understands the facts presented at the guilty plea proceeding and those facts establish the commission of the charged crime. *DeClue v. State,* 3 S.W.3d 395, 397–98 (Mo.App. E.D. 1999). Every element of the crime need not be explained to the defendant, as long as he understands the nature of the charge. *State v. Taylor,* 929 S.W.2d 209, 217 (Mo. banc 1996). A factual basis is established where the information clearly charges the defendant with all the elements of the crime, the nature of the charge is explained to the defendant and the defendant admits guilt. *Ivy v. State,* 81 S.W.3d 199, 202 (Mo.App. W.D.2002).

The indictment charged, and the State's factual basis at the plea hearing clearly established, that Bailey had deliberated on killing a woman who he knew was pregnant. The State relies on the doctrine of transferred intent, which provides that the mental state necessary for a homicide offense exists if the only difference between what actually happened and what the defendant intended to happen is that a different person was killed. *See* section 565.003.1. In this situation, however, it is not so much that Bailey's mental state when killing the pregnant woman should be *transferred* to her unborn child. Rather, because he knew that the woman was pregnant and there was no evidence that he intended to kill her and attempt to nevertheless save the unborn child, Bailey's deliberation on and intent to kill the pregnant woman necessarily *included* deliberation on and intent to kill her unborn child. Under these circumstances, it is reasonable to infer that Bailey knew the unborn child would necessarily die as a result of murdering the pregnant woman. *See Holcomb,* 956 S.W.2d at 294 (rejecting argument that because death of unborn child was result of killing pregnant woman, it could only be second-degree murder). Thus, there was a sufficient factual basis for Bailey's guilty plea to first-degree murder of the unborn child and his guilty plea to the related armed criminal action count.

The motion court did not clearly err by denying Bailey's motion. Point denied.

### III. CONCLUSION

The judgment is affirmed.

CLIFFORD H. AHRENS, P.J. and NANNETTE A. BAKER, J. concurring.