**Frederick L. HARRIS, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

**Nos. 27354, 27363.**

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 31, 2006.

Kent Denzel, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen. and Karen L. Kramer, Asst. Atty. Gen., Jefferson City, for respondent.

PHILLIP R. GARRISON, Judge.

Frederick L. Harris ("Movant") appeals from the motion court's judgment denying his Rule 24.035 [1] motion for post-conviction relief without an evidentiary hearing.[2] Movant claims his plea of guilty to the class C felony of deviate sexual assault, a violation of Section 566.070, was involuntary, unknowing, and unintelligent in that: (1) he was not advised that civil commitment as a sexually violent predator ("SVP") was a possible consequence of the plea; and (2) his plea was not supported by a factual basis. We affirm.

Movant was charged by amended information with committing deviate sexual assault, "in that on or about [the] 15th day of April 2002, in the County of Greene, State of Missouri, [Movant] had deviate sexual intercourse with MB [ ("Victim") ], know-

---

1. All references to rules are to Missouri Rules of Criminal Procedure (2004) and all references to statutes are to RSMo (2000), unless otherwise indicated.

2. There were two appeals filed appealing from the same judgment. Those appeals have been consolidated.

ing that he did so without the consent of [Victim]." On January 26, 2004, Movant appeared before the trial court and entered a plea of guilty. Pursuant to a plea agreement, Movant was to be sentenced to five years in the department of corrections, and the State would not oppose probation. In addition, the State would dismiss one case, and amend another to a lesser offense. If granted probation, Movant agreed to attend and successfully complete the sexual offender treatment program; register as a sex offender; abide by all probation and parole directives; and have no contact by any means with Victim.

At the plea hearing, the trial court said that it had "briefly read" the charges against Movant before placing him under oath, and Movant said that he understood those charges. The State then recited the following facts:

> [O]n the 15th day of April 2002 ... in Springfield, Greene County, Missouri, [Movant] was present with [Victim]. He engaged in oral sex, specifically putting his penis in the mouth of [Victim]. He did not have consent of [Victim] for that. And the next day he placed a phone call to her home saying he was sorry for what had happened.

Movant agreed that he was "pleading guilty because [he] did as [the prosecutor] just stated in the factual basis[.]" After examining Movant, the trial court accepted Movant's guilty plea, determining that there was a factual basis for the plea, and "that [Movant's] plea of guilty [was] made voluntarily with an understanding of [his] rights." The trial court sentenced Movant to five years imprisonment in the department of corrections, but suspended execution of the sentence and placed him on probation.

Later, Movant violated the terms of his probation, and the trial court ordered that his sentence be executed. Movant filed a pro se motion to vacate, set aside or correct the judgment and sentence, pursuant to Rule 24.035, which was later amended by appointed counsel to allege that his plea was unknowing, unintelligent, and involuntary. The motion court denied Movant's motion without an evidentiary hearing. Movant appeals this denial.

■■■ Appellate review of the denial of a post-conviction relief motion is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k); *Cook v. State,* 193 S.W.3d 378, 381(Mo.App. S.D.2006). Findings and conclusions are clearly erroneous only if, after a review of the entire record, we are left with a definite and firm impression that a mistake has been made. *Cook,* 193 S.W.3d at 381. "The motion court's findings are presumptively correct." *Id.*

> A motion court is only empowered to deny a Rule 24.035 motion without an evidentiary hearing when the motion and the files and records of the case conclusively show that the movant is entitled to no relief. In order to avoid this fate a Movant's motion must: (1) allege facts, not conclusions, warranting relief; (2) the facts alleged must raise matters not refuted by the files and records in the case; and (3) the matters complained of must have resulted in prejudice to the Movant.

*Fisher v. State,* 192 S.W.3d 551, 554 (Mo. App. S.D.2006)(internal quotations and citations omitted).

■■■ Movant argues in his first point that "he was unaware that the offense for which he was pleading guilty could subject him to indefinite confinement under Missouri's civil commitment procedures for [SVP's,]" and therefore his plea was not knowingly, intelligently and voluntarily entered. Movant maintains that "[he] plead-

ed facts that are not refuted by the record, and that if proved would warrant relief[,]" and, therefore, he is entitled to an evidentiary hearing. We disagree.

Upon a plea of guilty, a criminal defendant waives his constitutional rights, including his Sixth Amendment right to trial and Fifth Amendment privilege against self-incrimination. The due process clause of the Fourteenth Amendment precludes a finding of a valid waiver of those rights unless it is knowing, intelligent, and voluntary.

*Huth v. State,* 976 S.W.2d 514, 516 (Mo. App. E.D.1998)(internal citations omitted). Therefore, we must determine "whether the record warrants the conclusion that the defendant knowingly, voluntarily and intelligently entered his guilty plea." *Holloway v. State,* 989 S.W.2d 216, 220 (Mo. App. W.D.1999).

"[A] plea of guilty must not only be a voluntary expression of the defendant's choice, it must be a knowing and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences of the act." *State v. Hunter,* 840 S.W.2d 850, 861 (Mo. banc 1992)(citing *Brady v. United States,* 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970)). The trial court and counsel for the defendant have a duty to inform the defendant of consequences which definitely, immediately, and largely automatically follow the entry of a plea of guilty. *Huth,* 976 S.W.2d at 516–17. However, a failure to inform a defendant of a collateral consequence of a guilty plea does not render his plea involuntary. *Barmore v. State,* 117 S.W.3d 113, 116 (Mo. App. E.D.2002). "Neither the trial court nor trial counsel are under an affirmative obligation to inform a defendant of all pos-

sible collateral consequences of a guilty plea." *Price v. State,* 974 S.W.2d 596, 599 (Mo.App. E.D.1998).

As Movant acknowledges, "Missouri courts have held that the risk of commitment under the SVP law is a collateral rather than a direct consequence of a plea and therefore counsel is not required to advise him of that risk." Nevertheless, Movant asks this court to reconsider "the line of authority espoused in *Morales [v. State,* 104 S.W.3d 432, 435 (Mo.App. E.D. 2003) ]." We find that the reasoning of *Morales* is sound and we decline Movant's invitation to reconsider that holding.

"Nothing in the [SVP] laws ... state[s] that [M]ovant will automatically and definitely be determined to be [an SVP]." *Id.* at 435. An SVP is defined by statute as a person who suffers from a "mental abnormality which makes the person more likely than not to engage in predatory acts of sexual violence if not confined in a secure facility[.]" Section 632.480(5). There is nothing in the record indicating that Movant fits the definition of an SVP.[3] Additionally, "[t]here is a great deal of discretion that must be exercised before a person can be civilly committed as a[n][SVP] under [S]ections 632.480 to 632.513[,]" and Movant's plea of guilty to deviate sexual assault will not automatically result in his commitment as an SVP at the conclusion of his sentence. *Morales,* 104 S.W.3d at 435–36.

Civil commitment as an SVP is a collateral consequence which does not definitely, immediately, and largely automatically follow the entry of Movant's plea of guilty. *Id.* at 437. Therefore, failure to advise Movant of that possibility did not render

**3.** There is no evidence in the record of any psychiatric or psychological evaluations of Movant.

his plea unknowing, unintelligent or involuntary. This point is denied.

■ Movant maintains in his second point that his plea of guilty was not supported by a factual basis "in that there was no basis on which to infer that [Movant] knowingly committed the offense." Specifically, Movant argues that "the State did not provide sufficient facts on the record to establish that [Movant] *knew* that he did not have [Victim's] consent at the time he committed the acts." We disagree.

■ "The court shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea." Rule 24.02(e). "A factual basis exists if the defendant understands the facts presented at the guilty plea proceeding and those facts establish the commission of the charged crime." *Bailey v. State*, 191 S.W.3d 52, 55 (Mo.App. E.D. 2005). "Prior to accepting a plea of guilty, the trial court must 'determine facts which defendant admits by his plea and that those facts would result in defendant being guilty of the offense charged.' " *Pargo v. State*, 191 S.W.3d 693, 698 (Mo.App. S.D. 2006) (quoting *Hoskin v. State*, 863 S.W.2d 637, 639 (Mo.App. E.D.1993)). The trial court does not need to explain every element of the crime to the defendant, as long as he understands the nature of the charge. *Pargo*, 191 S.W.3d at 698.

Under Section 566.070, "[a] person commits the crime of deviate sexual assault if he has deviate sexual intercourse with another person knowing that he does so without that person's consent." "Deviate sexual intercourse" is "any act involving the genitals of one person and the hand, mouth, tongue, or anus of another person

or a sexual act involving the penetration, however slight, of the male or female sex organ or the anus by a finger, instrument or object done for the purpose of arousing or gratifying the sexual desire of any person[.]" Section 566.010(1).

The amended information charged Movant with all the required elements of deviate sexual assault. The trial court stated that it had read the charges to Movant, and Movant said that he understood those charges.[4] In addition, Movant admitted that he placed his penis in Victim's mouth; that Victim did not consent to it; and that Movant called Victim the next day and apologized for what had happened. Under these circumstances, it is reasonable to infer that Movant placed his penis in Victim's mouth, knowing he was doing so without her consent.

Movant relies on *England v. State*, 85 S.W.3d 103 (Mo.App. W.D.2002), and *Ross v. State*, 48 S.W.3d 667 (Mo.App. W.D. 2001), to support his argument that "the State did not provide sufficient facts on the record to establish that [Movant] *knew* that he did not have [Victim's] consent at the time he committed the acts." However, those cases are factually dissimilar. In *England*, the movant had entered a plea of guilty to first degree assault with intent to kill. 85 S.W.3d at 105. At the plea hearing, he admitted to shooting randomly at a house without knowing for certain whether someone was inside. *Id.* at 107–08. The Court held that there was not a factual basis for the movant's plea of guilty, because there were "no facts establishing that [the movant] had a specific intent to kill when he fired gunshots into [the house]." *Id.* at 109, 110.

4. Movant points out that the actual reading of the charges does not occur on the record. However, Movant does not allege in his pro se motion or amended motion that the trial court did not read the charges against him.

For Movant to be entitled to an evidentiary hearing, he "must allege facts, not conclusions, which, if true, would warrant relief[.]" *Nunn v. State*, 23 S.W.3d 910, 913 (Mo.App. W.D.2000).

In *Ross*, the movant had entered a plea of guilty to "possession of a weapon about the premises of a correctional institution." 48 S.W.3d at 669. An element of that offense was that the movant "knowingly possessed" the weapon. *Id.* at 670. The record at the plea hearing established only that an ice pick was found in the movant's cell. *Id.* at 671. However, the record did not establish that the movant had exclusive control over the cell. *Id.* The Court held that there was not a factual basis for the movant's plea of guilty, because "[t]he facts did not establish that [the movant] knew that the ice pick was in his cell," or that he had "either actual or constructive possession of the ice pick[.]" *Id.*

In both *England* and *Ross*, the facts developed at the plea hearing did not establish each element of the crime charged. In the present case, there were facts developed at the plea hearing establishing each of the elements of deviate sexual assault. In particular, the facts admitted to by Movant, established that he engaged in deviate sexual intercourse with Victim, knowing that he was doing so without her consent. Point two is therefore denied.

The motion court did not clearly err by denying Movant's Rule 24.035 motion without an evidentiary hearing. The judgment is affirmed.

BARNEY and LYNCH, JJ.,—concur.