Brian L. BROWDER, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 71438.

Missouri Court of Appeals,
Western District.

Aug. 3, 2010.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Sept. 28, 2010.

Application for Transfer Denied
Dec. 21, 2010.

Ellen H. Flottman, Columbia, MO, for appellant.

Shaun J. Mackelprang and Jamie P. Rasmussen, Jefferson City, MO, for respondent.

Before Division One: JAMES M. SMART, JR., Presiding Judge, MARK PFEIFFER, Judge and CYNTHIA L. MARTIN, Judge.

CYNTHIA L. MARTIN, Judge.

Brian Browder ("Browder") appeals from the trial court's judgment denying his Rule 24.035 motion for post-conviction relief. Browder contends his conviction for the class C felony of making a terrorist threat, section 574.115,[1] should be vacated

---

1. All statutory references are to RSMo 2000 as supplemented unless otherwise indicated.

because his guilty plea was not supported by an adequate factual basis. We affirm.

## Factual and Procedural Background

Browder was charged with the Class C felony, making a terrorist threat, section 574.115. Specifically, Browder was charged with communicating a threat to cause an incident or condition involving danger to life with the purpose of frightening ten or more people. Section 574.115.1(1). His charge arose out of an incident in October 2006 where Browder contacted the Marshall Satellite School and threatened to "kick someone's ass." Browder was offered probation in exchange for a guilty plea.

On November 13, 2006, Browder pled guilty to the charge. The trial court accepted his guilty plea and sentenced Browder to seven years, with execution of the sentence suspended for a five year probationary period.[2]

On September 26, 2007, a motion to revoke Browder's probation was filed. Browder admitted to violating the terms of his probation by committing two counts of stealing.[3] Browder's probation was revoked, and the seven year sentence on the guilty plea was imposed.[4]

Browder timely filed a pro se motion for post-conviction relief under Rule 24.035, which was thereafter amended. In the amended motion, Browder claimed there was no factual basis for his guilty plea. Specifically, Browder contended he was never asked about any facts regarding his purpose to frighten ten or more people, or about any facts supporting that he threat-

ened to cause an incident involving danger to life.

The motion court conducted a hearing on Browder's amended motion. Other than the transcript of the guilty plea hearing conducted before the trial court, no other evidence was presented. The motion court took judicial notice of the file in the underlying criminal case. Browder's counsel asked him to pay particular attention to the information and complaint, and the probable cause affidavit.

The motion court entered its judgment on July 13, 2009, finding as a matter of law that the factual basis was sufficient to support Browder's guilty plea and thus his conviction. Browder's Rule 24.035 motion was, therefore, denied. This appeal follows.

## Standard of Review

Review of the denial of a post-conviction relief motion is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k); *Peiffer v. State*, 88 S.W.3d 439, 445 (Mo. banc 2002). "The court's findings of fact and conclusions of law are clearly erroneous only if, after a review of the entire record, the appellate court definitely believes that a mistake was made." *Bucklew v. State*, 38 S.W.3d 395, 397 (Mo. banc 2001).

## Analysis

Rule 24.02(e) provides that "[t]he court shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea." The

---

2. Browder was also required to have no contact with school personnel and to write letters of apology to certain individuals and to the Marshall public school system.

3. Browder had also failed to pay the court costs associated with his guilty plea as re-

quired and had not followed all of the directions of his probation officer.

4. Apparently, however, the charges for stealing were dropped.

intent of the rule is to help to insure that a guilty plea is knowing and voluntary. *Carmons v. State*, 26 S.W.3d 382, 384 (Mo. App. W.D.2000). A defendant's plea is supported by an adequate factual basis if it is "voluntarily and understandably made and unequivocal as to the factual requisites necessary to establish each element of an offense." *State v. Shafer*, 969 S.W.2d 719, 734 (Mo. banc 1998). "Where the information clearly charges the defendant with all the elements of the crime, the nature of the charge is explained to the defendant, and the defendant admits guilt, a factual basis is established." *Johnson v. State*, 115 S.W.3d 422, 424 (Mo.App.2003) (citing *Ivy v. State*, 81 S.W.3d 199, 202 (Mo.App. 2002)).

■ During Browder's guilty plea hearing, the following exchange occurred:

THE COURT: You are represented her today by Ms. Wasson?

BROWDER: Yes, sir.

. . . .

THE COURT: Have you had plenty of time to discuss this case with her?

BROWDER: Yes, sir.

THE COURT: Have you told her all the facts and circumstances surrounding your case?

BROWDER: Yes, sir.

THE COURT: Has she explained the charges to you and gone over the evidence with you?

BROWDER: Yes, sir.

. . . .

THE COURT: Are you telling me today you understand your rights, you want to waive those rights and you want to bring this matter to conclusion today because you are in fact guilty of the Class C felony of making a terrorist threat?

BROWDER: Yes, I am.

THE COURT: And you're guilty of that offense because between the dates of October 2nd, 2006, and October 4th, 2006, in the County of Saline, State of Missouri, you communicated a threat to cause an incident or condition involving danger to life for the purpose of frightening ten or more people by making a threat to come to the Marshall Satellite School and someone was getting their ass kicked by stating, you know me, if you don't take care of it I'll take care of it. When advised not to make threats you stated, I'm not, I'm just telling you what I'm going to do.

BROWDER: Yes, sir.

THE COURT: Is that what took place?

BROWDER: Yes, sir.

Following this colloquy, the motion court concluded that "[b]ased on the record, the Court finds a factual basis for the plea."

■ Where the trial court reads the information to a defendant, where the information contains all of the required elements of the crime charged, and where the nature of the charge has been explained to the defendant, the defendant's subsequent guilty plea will satisfy the requirements of Rule 24.02(e). *Rios v. State*, 848 S.W.2d 638, 640 (Mo.App. S.D.1993). It is not imperative that the trial court explain every element of the crime charged to the defendant at the plea hearing, as long as the trial court can otherwise surmise that the defendant understands the nature of the charge. *Harris v. State*, 204 S.W.3d 371, 375 (Mo.App. S.D.2007). Often, the defendant's understanding of the nature of the charge against him is accomplished by the defendant's discussion with counsel prior to the hearing. *Myers v. State*, 223 S.W.3d 165, 168 (Mo.App. S.D.2006).

The elements of the offense of making a terrorist threat pursuant to section 574.115.1(1) are: (a) communicating a threat to cause an incident or condition

involving danger to life, (b) with the purpose of frightening ten or more people. Both elements were set forth in the Information which charged Browder. The Information was read by the trial court, essentially verbatim, during the guilty plea hearing. Browder heard the trial court recite the elements of the charge against him, and confirmed he had committed those precise elements. Browder expressly affirmed that he was guilty of the offense of making a terrorist threat by virtue of having engaged in conduct that communicated a threat to cause an incident or condition involving danger to life with the purpose of frightening ten or more people. The particulars of the threat made by Browder were then explored by the trial court and confirmed by Browder. Moreover, Browder confirmed that his trial counsel had specifically discussed the charge and evidence against him prior to his appearance for his guilty plea hearing. Based on this record, a factual basis for Browder's guilty plea was established.

Browder contends that notwithstanding his testimony at the guilty plea hearing, there was an insufficient factual basis for the guilty plea. Specifically, Browder contends that his admission that he "threatened to kick someone's ass" does not mean that he threatened an incident involving danger to life. Browder also contends that no evidence was developed to establish that he had the *purpose* of frightening ten or more people. In effect, Browder is arguing that his testimony during the guilty plea hearing, where he expressly affirmed that he communicated a threat involving danger to life for the purpose of frightening ten or more people, was inherently insufficient to establish an adequate factual basis for his plea. In support of this contention, Browder relies on *Ennis v.*

*State,* 887 S.W.2d 771 (Mo.App. S.D.1994); *England v. State,* 85 S.W.3d 103 (Mo.App. W.D.2002); and *Ross v. State,* 48 S.W.3d 667 (Mo.App. W.D.2001). Each of these cases is factually distinguishable from the present case.

In *Ennis,* the defendant was charged with sodomy under section 566.060, and specifically with having deviate sexual intercourse with his granddaughters. 887 S.W.2d at 772. The defendant waived arraignment and entered a plea of guilty. *Id.* He testified during the guilty plea hearing that he had sexual intercourse with his granddaughters who were less than fourteen years of age. *Id.* "Sexual intercourse" is defined as "any penetration, however, slight, of the female sex organ by the male sex organ, whether or not an emission results." Section 566.010(3). In contrast, "deviate sexual intercourse" is defined as "any sexual act involving the genitals of one person and the mouth, tongue, hand or anus of another person." Section 566.010(1). The court found that the requirements of Rule 24.02(e) were not met because the meaning of the term "deviate sexual intercourse" is not "readily apparent in the absence of the statutory definition." *Id.* at 775. The defendant's acknowledgment that he had sexual intercourse with his granddaughters was not sufficient to permit the trial court to discern whether the defendant was knowingly pleading guilty to "deviate sexual intercourse."

In the present case, the elements of the charge of making a terrorist threat under section 574.115.1(1) include no statutorily defined terms. The applicable criminal jury instruction for the specific charge against Browder, MAI–CR 3d 328.30, requires no definitions.[5] Even if one of the

5. The motion court consulted and reviewed

this instruction during the hearing on Brow-

terms or phrases employed in section 574.115.1(1) was statutorily defined, that alone would not have required more than Browder's acknowledgement that he engaged in conduct satisfying the element, so long as the term or phrase is commonly understand and/or possesses a plain meaning. *See Johnson,* 115 S.W.3d at 425–27 (though statutory definition of "serious physical injury" was not given during guilty plea hearing, meaning of the phrase is readily apparent, particularly in light of the specific conduct admitted by the defendant).

The phrase "threat involving danger to life" is not statutorily defined. Moreover, we believe, the meaning of the phrase "threat involving danger to life" is readily apparent, such that Browder's admission that he engaged in conduct involving such a threat, and his specific admission that he "threatened to kick someone's ass," are sufficient to establish a factual basis for Browder's guilty plea. *See Hoskin v. State,* 863 S.W.2d 637, 639 (Mo.App. E.D. 1993)(where allegations in counts charged are "simple, specific and sufficient to inform the defendant in terms that a layman would understand what acts he was charged with committing," factual basis is established for a guilty plea admitting those allegations).

In *England,* defendant was charged with first-degree assault pursuant to section 565.050.1 after discharging a gun into a home from the street. 85 S.W.3d at 107. The assault charge was based on an attempt to kill an individual. *Id.* "[A] conviction for first-degree assault by 'attempt to kill' requires proof of 'a very specific intent on the part of the actor to accomplish that objective.'" *Id.* (quoting *State v. Gonzales,* 652 S.W.2d 719, 722 (Mo.App. W.D.1983)). At the plea hearing, defendant indicated he understood the charges

against him and that he had discussed the charges with his counsel. *Id.* However, when asked whether he knew that people were probably home at 4:00 a.m. in the house, the defendant responded "they probably would be. I wasn't absolutely 100 percent for sure." *Id.* at 108. This record did not provide a sufficient factual basis to establish that the defendant had the specific intent to kill when he fired shots into the home. *Id.* at 109.

Browder claims his case is similar to *England.* Browder's contention ignores that Browder expressly admitted his "purpose to frighten ten or more people." In contrast, the defendant in *England* never admitted a specific intent to kill anyone and conceded facts that were inherently inconsistent with this specific intent. *England* offers Browder no assistance.

In *Ross,* the defendant was charged with having a knife in his possession in a correctional center pursuant to section 217.360.1(4). 48 S.W.3d at 670. A conviction required that the defendant had "knowing" possession of the knife. *Id.* At the guilty plea hearing, the defendant admitted only that a knife was found in his cell. *Id.* The defendant did not admit that he knew the knife was there. *Id.* There was no other evidence developed during the guilty plea hearing to establish the defendant's exclusive control over his cell. *Id.* at 671. The court found an insufficient factual basis was established for the guilty plea. *Id.* As in *England,* there was no admission by the defendant that he possessed the requisite intent for a conviction, and the actual testimony provided by the defendant was inherently inconsistent with the required intent. As with *England, Ross* is distinguishable from the present case. The requisite intent required for a conviction in Browder's case was the intent

der's motion.

to engage in prohibited conduct with the purpose to frighten ten or more people. Browder expressly admitted this was his purpose. He thus admitted facts sufficient to form the basis for his guilty plea pursuant to Rule 24.02(e).

### Conclusion

The motion court did not clearly err by denying Browder's Rule 24.035 motion. The trial court's judgment is affirmed.

All concur.