STATE of Missouri, Plaintiff–Respondent,

v.

Michael Prozell BLACKMON, Defendant–Appellant.

No. SD 32002.

Missouri Court of Appeals, Southern District, Division Two.

Aug. 21, 2013.

**DON E. BURRELL, J.**

A jury found Michael Prozell Blackmon ("Defendant") guilty of the class B felony of possession of a weapon (a "shank") on the premises of a county jail. *See* sections 217.360 and 558.016.[1] The trial court, which had previously found Defendant to be a persistent offender, thereafter sentenced Defendant to serve 20 years in the Department of Corrections.

Defendant's sole point on appeal contends the trial court abused its discretion in overruling Defendant's "Motion for Judgment of Acquittal at the Close of All [E]vidence" because: (1) the testimony of a single witness was insufficient to prove beyond a reasonable doubt that he knowingly possessed a weapon on the premises of the jail; and (2) "the State also failed to prove that [Defendant] had exclusive control over the cell where the object may have also been found."

Finding no merit in these contentions, we affirm Defendant's conviction. But because the written judgment does not conform to the trial court's oral pronouncement that it was sentencing Defendant as a persistent offender, we remand the matter "for correction of the written judgment to reflect the sentence imposed at the [sentencing] hearing." *State v. Jackson*, 158 S.W.3d 857, 858 (Mo.App. E.D.2005).[2]

### Applicable Principles of Review and Governing Law

■ When the sufficiency of the evidence is challenged in a criminal case, this Court's review is limited to whether there is sufficient evidence from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *State v. Chaney*, 967

Erika Renee Eliason, Columbia, MO, for Appellant.

Todd Tyler Smith, Jefferson City, MO, for Respondent.

1. All statutory references are to RSMo Cum. Supp.2012. All rule references are to Missouri Court Rules (2013).

2. Defendant's status as a persistent offender allowed the trial court to sentence him within the punishment range authorized for a class A felony. Section 558.016.7(2).

> S.W.2d 47, 52 (Mo. banc 1998). The evidence, including all reasonable inferences therefrom, is considered in the light most favorable to the judgment, disregarding all contrary inferences.

*State v. Pike,* 162 S.W.3d 464, 473–74 (Mo. banc 2005). This court is not a " 'super juror with veto powers[.]' " *Chaney,* 967 S.W.2d at 52 (quoting *State v. Grim,* 854 S.W.2d 403, 414 (Mo. banc 1993)). Thus, when there is conflicting evidence, an appellate court presumes that the fact-finder " 'resolved any such conflicts in favor of the prosecution, and must defer to that resolution.' " *Id.* at 53 (quoting *Jackson v. Virginia,* 443 U.S. 307, 326, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).

**Facts and Procedural Background**

The evidence adduced at Defendant's February 2012 trial, viewed in the light most favorable to the verdict, established that on January 14, 2011, a "shake down" or search of jail cells for "any contraband or unneeded items" was conducted at the Butler County Justice Center ("the jail"). Ashley Rommell, who was a jailer at the time, was instructed by other jail staff to help with the shake down. Officer Rommell randomly began his search with Defendant's cell. Defendant did not have a cell-mate. Officer Rommell saw Defendant standing inside his cell in his "tighty whities," and understanding that an inmate should not be brought out of a cell wearing just underwear, he asked Defendant "to get dressed[.]"

[redacted] Defendant "went and sat down on his bench and got dressed." As Defendant was dressing, Officer Rommell noticed that he "was fidgeting out of [the jailer's] view with his hand, when he stood up after getting dressed, he had his hand in his pants and it appeared that he was adjusting his privates." Officer Rommell "brought [Defendant] out of the cell ... and patted him down." As he was patting, Officer Rommell detected "a foreign object in the crotch area of [Defendant's] pants." When Officer Rommell asked Defendant about it, Defendant first stated, " 'it's a lighter. Let me flush it.' " Defendant then said that it was his penis. Officer Rommell "retrieved the item from [Defendant's] pants[.]" The object was "a ten to twelve-inch metal rod with a piece of torn cloth wrapped around one end." The cloth was orange—"the same color as the inmate jumpsuits." Officer Rommell described the object as "[a] shank[,]" and he turned it over to the chief of corrections, Carrie Tomlinson. Chief Tomlinson "immediately" removed the shank from the area of the cells before calling for a deputy to take custody of it. At trial, Officer Rommell identified State's Exhibit 1 as the shank he had retrieved from Defendant's pants, and it was later admitted into evidence.[3]

After deliberation, the jury found Defendant "guilty of possessing prohibited articles on the premises of a county jail as submitted in [the verdict directing instruction,]"[4] and the trial court sentenced Defendant as previously noted. This appeal timely followed.

**Analysis**

[redacted] "A person has actual possession of an object for purposes of section

3. Neither Exhibit 1 nor a photograph of it was deposited with this court. *See* Rule 30.05. As a result, the "intendment and content [of the exhibit] will be taken as favorable to the trial court's ruling and as unfavorable to the appellant." *State v. Davis,* 242 S.W.3d 446, 449 n. 1 (Mo.App. S.D.2007).

4. The verdict director required the jury to find as elements that "[D]efendant possessed a weapon 'shank' " "in or about the premises" of the jail and that he "acted knowingly with regard to the facts and circumstances submitted in this instruction[.]"

217.360.1 if he has the object on his person or within easy reach and convenient control." *Ross v. State,* 48 S.W.3d 667, 671 (Mo.App. W.D.2001). In support of his challenge to the sufficiency of the evidence, Defendant relies on factual scenarios in other cases where there was no evidence that the defendant was in actual possession of the prohibited item. *See id.* (facts at guilty plea did not demonstrate "either actual or constructive possession of" an ice pick found in a cell); *State v. Cushshon,* 218 S.W.3d 587, 591 (Mo.App. E.D.2007) (defendant was not in actual possession of marijuana found in the defendant's cell mattress because there was no evidence of marijuana being found on the "[d]efendant's person or within his easy reach and control when the search was conducted"). In citing these cases, Defendant seemingly ignores Officer Rommell's testimony that he retrieved the shank from Defendant's pants—evidence that Defendant had actual possession of the shank.

■ Defendant also misses the mark when he suggests that evidence other than Officer Rommell's testimony was necessary to support the verdict—complaining that no other officer was present when the shank was discovered and that there was no visual recording of the event. "The general rule[, subject to a narrow exception not applicable here,] is that the testimony of a single witness, if found credible by the jury, is sufficient, competent evidence to sustain a conviction." *State v. Moore,* 194 S.W.3d 387, 390 (Mo.App. S.D. 2006).

■ Disregarding our standard of review, Defendant also focuses on his own trial testimony that his underwear was tight, that the shank was recovered from under his bunk, that he did not put it there, and that it belonged to another inmate. Essentially, he asks this court to credit his testimony over the contrary evidence provided by Officer Rommell. This we cannot do. "The credibility of the witness and the weight and value to be given his testimony are matters within the province of the jury and are not for review on appeal." *State v. Wright,* 476 S.W.2d 581, 584 (Mo.1972). We cannot consider Defendant's testimony "as it is contrary to the verdict." *State v. Kerns,* 389 S.W.3d 244, 248 n. 5 (Mo.App. S.D.2012).

■ Defendant also argues that it "is implausible that he possessed a ten to twelve inch metal rod near his genital region and underneath tight-fitting underwear as alleged by [Officer] Rommell." This assertion cannot prevail for two reasons. First, it overlooks that it is the function of the jury—not the appellate court—to determine the appropriate weight of any admissible evidence. Second, Officer Rommell did not testify that he saw the shank being placed or concealed only in Defendant's underwear. Rather, he testified that Defendant "sat down on his bench" to get dressed, was "fidgeting" while doing so, and "when he stood up after getting dressed, he had his hand in his pants[.]" It was only then that Officer Rommell felt the "foreign object" "in the crotch area of [Defendant's] pants."

■ The evidence at trial was sufficient to allow a reasonable juror to find Defendant guilty of the crime charged beyond a reasonable doubt. Defendant's point is denied, and the judgment of conviction is affirmed. The matter is remanded to the trial court for the sole purpose of entering a written judgment that indicates Defendant was sentenced as a persistent offender.

JEFFREY W. BATES, P.J. and GARY W. LYNCH, J., concur.