STATE of Missouri, Respondent,

v.

Chrysantha SMITH, Appellant.

No. WD 67404.

Missouri Court of Appeals,
Western District.

Dec. 26, 2007.

Jeffrey A. Gedbaw, Kansas City, for Appellant.

Michael D. Fusselman, Moberly, MO, for Respondent

Before JOSEPH M. ELLIS, P.J., THOMAS H. NEWTON, and LISA WHITE HARDWICK, JJ.

THOMAS H. NEWTON, Judge.

Ms. Chrysantha Smith was convicted of endangering the welfare of a child in the second degree, section 568.050.[1]  Ms. Smith appeals and challenges the sufficiency of the evidence for the conviction.  We reverse.

## Factual and Procedural Background

Two police officers and an ambulance unit arrived at the apartment of Ms. Smith and her live-in boyfriend, Mr. Jerell Robinson, after a neighbor called 911 at Ms. Smith's request.  The police officers and the ambulance operators heard Ms. Smith and Mr. Robinson arguing as they approached the apartment.  The apartment door was open, and as the police officers approached the area, they noticed drops of blood in the hallway and in the doorway of the apartment.  The police called into the apartment and announced themselves.  They noticed a small boy standing in the kitchen.  They called him into the living room, and he informed the police that his parents were in the bathroom.  One of the officers saw Mr. Robinson and Ms. Smith arguing in the bathroom.  Both of them

---

1. All statutory references are to RSMo. (2000), and Cumulative Supplement (2005).

yelled that the police were not needed or wanted.

Ms. Smith and Mr. Robinson exited the bathroom. The police observed a metal pot in the bathroom and blood on the bathroom wall, basin, floor, and medicine cabinet. The police separated the parties and then questioned them. According to the police, Ms. Smith bled from her head and appeared to be intoxicated. Mr. Robinson's shirt was torn, and he had a swollen eye and injuries to his fingers. Ms. Smith told the police that Mr. Robinson pushed her into the basin or medicine cabinet, which caused the blood on the wall in the bathroom. She also told the police that she threw a cooking pot in self-defense. Mr. Robinson told the police that Ms. Smith hit her head after falling. He also stated that she threw the pot at him during their argument, and he tore his fingernails defending himself. After declining medical attention, both parties were arrested and removed from the home.

One of the officers asked the child about the incident and the child told the officer that he saw his mother throw a pot at his father. Afterwards, the officer processed the scene, and some marijuana was found on the living room floor. Also, found in the kitchen were knives with blood around them and blood on the floor. Ms. Smith was charged with possession of marijuana, third-degree domestic assault, and second-degree child endangerment.

At the jury trial, the two officers at the scene and the two ambulance operators testified to the above account. The eight-year old child, who was seven at the time of the domestic dispute, testified that he did not remember whether he told the officer that he saw his mother throw a pot at his father. The child testified that, although he heard his parents arguing, he did not see them fighting because he was grounded in his room. He stated that he only left his room to sit on the couch when he heard someone knocking. Pursuant to section 491.074,[2] the State was allowed to adduce testimony from the officer about the child's prior inconsistent statement. The officer testified that the child told her that he heard his parents argue, saw his mother throw a pot at his father, and heard his father hit his mother's head into the wall.

At the close of the State's evidence, defense counsel moved for an acquittal on all three counts. The court sustained the motion as to the possession charge. Ms. Smith did not testify nor did any other witnesses for the defense. The defense rested and resubmitted its motion for acquittal as to the remaining counts. The trial court denied the request. The jury was instructed on the elements of second-degree child endangerment and third-degree domestic assault. The jury was to find Ms. Smith guilty of second-degree child endangerment if it found that she fought Mr. Robinson in the presence of their seven-year old child, such that it amounted to criminal negligence, and in doing so, created a substantial risk to the child's life, body, or health. It returned a guilty verdict for the former charge and a not guilty verdict for the latter charge. Ms. Smith filed a Motion for New Trial or in the alternative, Motion for Judgment of Acquittal, which the trial court overruled.

On appeal, Ms. Smith argues that the trial court erred in overruling her motion for judgment of acquittal at the close of all the evidence as to the child welfare endangerment charge because there was insufficient evidence from which a jury could find that she acted with criminal negligence to

---

**2.** Section 491.074 states that "a prior inconsistent statement of any witness testifying in a [criminal trial] shall be received as substantive evidence."

create a substantial risk of harm to her child.

## Standard of Review

In reviewing an insufficiency claim, this court is limited to determining whether sufficient evidence existed for a reasonable juror to find each element of the offense beyond a reasonable doubt. *State v. Todd,* 183 S.W.3d 273, 278 (Mo.App. W.D.2005). In doing so, we review all evidence and inferences therefrom in the light most favorable to the verdict and disregard all evidence and inferences to the contrary. *Id.*

## Legal Analysis

■ Ms. Smith argues that the State failed to present evidence that the fight with Mr. Robinson created a substantial risk to the child's welfare. She says that the child's testimony about her throwing a pot at Mr. Robinson did not constitute sufficient evidence that a substantial risk to the child was created but only a potential risk. Ms. Smith stressed that the State needed to show the child's proximity or exact location to the flying pot in order to show that the child's body was in substantial risk of being injured. The State argued that the child's statement was sufficient evidence to show that he was somewhere in the vicinity. The State also argued that the entire fight created a substantial risk because the two were going after each other with knives. Ms. Smith argued that the knives were in the kitchen on the table, and no evidence was shown that the parties injured each other with knives.

■ To prove that Ms. Smith endangered the welfare of her child, the State had to prove that her conduct created a substantial risk and that she acted with criminal negligence in doing so. *See Todd,* 183 S.W.3d at 278–79 (citing section 568.050.1(1)). A substantial risk is an actual or "practically certain" risk. *Carmons v. State,* 26 S.W.3d 382, 385 (Mo. App. W.D.2000) (citing *State v. Wilson,* 920 S.W.2d 177, 180 (Mo.App. W.D.1996)) (stating section 568.050 is "meant to apply to situations where a parent creates an actual risk to the life, body, or health of a child. [It is] not meant to apply to situations where there is only the potential for risk to the health of the child."). Whether a risk exists is determined on a case-by-case basis looking at the totality of the circumstances. *State v. Burrell,* 160 S.W.3d 798, 802 (Mo. banc 2005).

The facts of this case do not show that there was a substantial risk to the child. Although the child was located in the apartment during the fight, the record does not show that the child was involved in the fight or in such close proximity that a substantial risk was created. The evidence shows that the child remained in his room during most of the altercation. At some point, he saw Ms. Smith throw a pot at Mr. Robinson. There is no evidence of where the child was standing when this incident occurred. The child may have witnessed the pot being thrown from a safe distance. Also, there was no evidence that the knives with blood on them, which were sitting on the table next to the lemons, were used in the fight. Without more, the evidence only supports a finding for a potential risk to the child.

Our decision does not conflict with the Eastern District's decision in *State v. Brock,* 113 S.W.3d 227 (Mo.App. E.D. 2003). The *Brock* court upheld the conviction of second-degree child endangerment because the defendant required his child to remain near the mother while he abused her and because the child intervened in the fight. *Id.* at 233. In the words of the *Brock* court, "He kept the child in this zone of danger by holding a knife to the

mother's neck and threatening to kill the mother if she told the child to leave." *Id.* In this case, there is no evidence that the child was in harm's way or the zone of danger.

Because there was no sufficient evidence that the fight between the parents caused a substantial risk of harm to their child, the motion for judgment of acquittal should have been granted. Therefore, we reverse and the conviction and sentence are vacated.

JOSEPH M. ELLIS, P.J. and, LISA WHITE HARDWICK, J. concur.