**STATE of Missouri, Respondent,**

v.

**Teresa M. JOHNSON, Appellant.**

**No. ED 95517.**

Missouri Court of Appeals,
Eastern District,
Division One.

June 28, 2011.

Ellen H. Flottman, Columbia, MO, for appellant.

John N. Koester, Jr., H. Morley Swingle, Jackson, MO, for respondent.

KENNETH M. ROMINES, J.

### Background and Procedural History

This case is about the sufficiency of the evidence to support a conviction of endangering the welfare of a child.

Appellant Teresa M. Johnson (Mother) awoke on the morning of 27 February 2010, feeling ill. She decided she needed to go to the Emergency Room. Unable to make other arrangements, she dropped off three of her kids, Briann, thirteen years old, Jesse, seven years old, and Jayden, two years old, at an area park on her way to the hospital around noon. Mother took her fourth child to the hospital with her. The hospital visit took longer than expected. At approximately 4:30 p.m., still at the park, Briann found someone with a phone and asked to use it to call her mother. After she had finished, the phone owner contacted the police to alert them to the presence of the children alone in the park. When Officer David Templeton responded, he found the three children in their uncle's van. Officer Templeton did not see the children wearing hats or gloves, but they were wearing jackets. After speaking briefly with Briann, Officer Templeton went to the hospital and interviewed Mother.

Based on this incident, Mother was convicted of two counts of endangering the welfare of a child in the second degree, Section 568.050.[1] The court sentenced her to a 60 day suspended sentence, two years probation, and·a $1,000 fine.

### Standard of Review

We review the sufficiency of the evidence to support a criminal conviction for the limited purpose of determining whether there was adequate evidence admitted at trial for a reasonable person to have found each element of the crime proven beyond a reasonable doubt. *State v. Anderson*, 108 S.W.3d 680, 681–82 (Mo. App. W.D.2002). "We accept as true all evidence and inferences favorable to the verdict and disregard all evidence and inferences to the contrary." *Id.*

### Discussion

 To convict Mother of endangering the welfare of a child, the State had to prove beyond a reasonable doubt that Mother acted negligently in a manner which created a substantial risk to the life, body or health of her children. Section 568.050. Mother does not contest the fact that there was sufficient evidence to show that she left her children at the park on 27 February 2010. However, Mother argues that the State failed to prove that leaving her children in the park created a substantial risk to their health. The issue of whether Mother's actions created a substantial risk to the children is one to be resolved by the fact-finder, in this case, the court. *State v. Todd*, 183 S.W.3d 273, 277 (Mo.App. W.D.2005). "The State must allege and prove the defendant's conduct

---

1. All statutory references are to RSMo (2010) unless otherwise noted.

giving rise to the risk, but the fact finder must determine whether that conduct created a substantial risk to the child." *Id.*

■■ "A substantial risk is an actual or 'practically certain' risk." *State v. Smith,* 241 S.W.3d 442, 445 (Mo.App. W.D.2007). The risk cannot be imaginary or illusive. *State v. Todd,* 183 S.W.3d at 278. "There is no bright line test to determine whether or not a person's actions ... create[d] a substantial risk to the health of a child. In determining whether actions rise to this level, we look at the totality of the circumstances as presented by the evidence." *State v. Kuhn,* 115 S.W.3d 845, 849 (Mo. App. E.D.2003). Although the fact-finder determines the issue of substantial risk, that determination must be supported by evidence. *Todd,* 183 S.W.3d at 278.

While Mother's actions might have been unwise, without further evidence, they did not rise to the level of a criminal act. The only harms alleged by the State were that the children were unattended and that they were underdressed for the weather. First, the children were not unattended. Thirteen-year-old Briann was attending her younger siblings. Briann testified that she had babysat for her siblings many times prior to the incident. Briann's caretaking competency is further demonstrated by her ability to take the action of finding a phone and calling her mother when they were at the park longer than expected.

As to the weather, although the police officer testified that he thought the children were underdressed for the weather, he admitted that they were fully dressed in coats. The State did not present any evidence as to how the children's state of dress presented an actual risk of harm beyond the Officer's single statement that

they appeared cold. The State failed to introduce any authoritative evidence as to the temperature that day, a task that would have been relatively simple had the State thought to do it.[2] The State did not even ask Briann if she and her brothers were cold when she was on the stand.

The State did not present any evidence that the children were hungry or tired. In fact, there was uncontradicted testimony from Briann of just the opposite. The State simply did not present enough evidence for a reasonable person to find that spending approximately four and a half hours at a park created a substantial risk to the health of these children. Based on this dearth of evidence, the State's allegation of harm was merely illusive and could not support conviction.

Since the State failed to prove that there was actual, and not simply potential, danger to the children, the trial court erred in denying Mother's motion for judgment of acquittal.

The judgment is REVERSED and the conviction and sentence are VACATED.

ROY L. RICHTER, C.J. and KENNETH F. THOMPSON, Sp.J., concur.

---

2. The two witnesses at trial, Briann and Officer Templeton, each testified as to the temperature that day, but their recollections differed. Briann testified that it was in the mid–50s. Officer Templeton testified it was in the mid–30s.